Argued and submitted June 13, reversed September 2, 1980

# SOTHRAS,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION, et al
*Respondents.*

## (No. 80-AB-45, CA 16945)

616 P2d 524

Alan L. Ludwick, Springfield, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent, Employment Division. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent Douglas Community Hospital.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The claimant, the victim of a rape and attempted murder, left her job because she felt that she could not remain in the area of the attack while her assailant was still at large. The underlying issue in this case is whether claimant's personal reason for leaving work can constitute "good cause" within the meaning of ORS 657.176(2)(c) and OAR 471-30-038(4). The Employment Appeals Board, one member dissenting, held that it cannot. We reverse.

The claimant worked in Roseburg as a lab technician for Douglas Community Hospital. The employer described claimant as a "very good employee" and the claimant liked her job. However, on August 8, 1979, the claimant was attacked in her home and raped at gunpoint. After the rape, the rapist shot at and attempted to kill her. The referee's findings, adopted by the Employment Appeals Board, recite that:

> "As a result of the attack, [the claimant] was in constant fear while she was in Roseburg. She developed the mental attitude that the rapist was 'always there.' [Claimant testified that she believed that she had seen the rapist sometime after the attack. At the time of the hearing below, her assailant had not been identified or apprehended.] [Claimant] took a leave of absence from work until September 18, 1979, at which time she decided that she could not remain in Roseburg. [Claimant] so notified the employer. [She] moved to Springfield on October 27, 1979. During the intervening time, she generally stayed with relatives. When she stayed at her house in Roseburg, she was unable to sleep in her bed. She instead slept on the couch with the lights on."

In an administrative decision, the Employment Division determined that claimant had voluntarily left work with good cause. The decision determined that:

> "Your reasons for leaving were personal, but so compelling that you had no alternative but to leave work. Your fear of the alleged criminal made it

impossible for you to remain alone in [the] area and continue working."

Based upon the findings of fact set out above, the referee agreed with the Division's determination that claimant had good cause for leaving her job. The referee concluded that:

"[Claimant] acted as a reasonable and prudent person in leaving Roseburg, and as a result necessarily leaving her work in Roseburg. [Her] reason for leaving was of such gravity that she had no reasonable alternative but to leave work. Her traumatic experience with the resulting mental stress existing while she remained in Roseburg left her with no reasonable alternative but to leave work."

In a two to one decision, the Employment Appeals Board reversed the referee. The Board majority found that the employer would have extended the claimant's leave of absence and that the claimant "was sure that the passage of time would have alleviated the mental stress she was undergoing * * *." Based upon these findings, two members of the Board concluded that claimant had a reasonable alternative to leaving work. See OAR 471-30-038(4), infra. One of these two Board members, relying on our decision in Arias v. Employment Div., 26 Or App 841, 554 P2d 538 (1976), was also of the view that personal reasons unrelated to the job could not constitute "good cause" for leaving work. The other majority Board member did not agree that the Arias case was still controlling or that "good cause" must be objectively related to the work.

The dissenting Board member concluded that claimant had "good cause" for leaving work. The dissenter argued that the administrative rule, OAR 471-30-038(4), infra, "provides for a finding of 'good cause' for non-work related reasons," and that

"because of the mental stress brought on by the traumatic experience she suffered, the claimant had no reasonable alternative but to leave the Roseburg area, which meant leaving her work."

The claimant appeals. We reverse. We conclude that our decision in *Arias* is no longer controlling, that whether "good cause" may include personal reasons is a value judgment whose completion the legislature has entrusted to the Division, and that the Division's rule, as interpreted by the Division, provides that "good cause" may result from personal reasons. We hold that, in this case, an extended unpaid leave of absence was not a reasonable alternative to claimant's departure from work.

We first consider the continuing effect of our decision in *Arias v. Employment Div., supra.* ORS 657.176(2)(c) provides that an individual shall be disqualified from the receipt of benefits for a period if the Division's authorized representative finds that the "individual voluntarily left work without good cause * * *." In *Arias,* we construed the statutory phrase "good cause" "* * * to refer only to a cause which is objectively related to employment, rather than arising solely from the employee's personal life. * * *" 26 Or App at 846. However, we also recognized that in "* * * Oregon * * * the statute is silent as to what constitutes good cause." 26 Or App at 844.

Since our decision in *Arias,* the Supreme Court has identified the source of responsibility for expanding upon statutory phrases such as "good cause." In *McPherson v. Employment Division,* 285 Or 541, 550, 591 P2d 1381 (1979), the court held that the phrase "good cause" "* * * calls for completing a value judgment that the legislature itself has only indicated.* * *", and that it is the Employment Division which has the delegated responsibility to complete the value judgment.

"* * *[A]n agency decision is not 'unlawful in substance,' ORS 183.482(8),[1] * * * if the agency's elaboration of a standard like 'good cause' is within

---

[1] At the time of the decision in *McPherson,* ORS 183.482(8) provided:

"(8)(a) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

the range of its responsibility for effectuating a broadly stated statutory policy." *Ibid.*

■   *McPherson* indicates that interpreting "good cause" to include personal reasons for leaving work is not outside the range of the Division's responsibility. While discussing the referee's opinion in *McPherson,* the court observed that:

> "* * * passages in the referee's conclusions and reasons suggest an assumption that the grounds for leaving a job, to qualify as 'good cause' under the statute, must be attributable to the employer. * * * Yet as we have noted, in this state that requirement was repealed soon after the enactment of the unemployment compensation law. The purpose of the statute is to provide a means of living for an unemployed

---

"(a)   The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby; or

"(b)   The statute, rule or order to be unconstitutional; or

"(c)   The rule which the order enforces or upon which the order is based or dependent is invalid under the provisions of subsection (3) of ORS 183.400; or

"(d)   The order is not supported by substantial evidence in the whole record."

As amended, ORS 183.482(8) now provides:

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)   Set aside or modify the order; or

"(B)   Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)   The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)   Outside the range of discretion delegated to the agency by law;

"(B)   Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)   Otherwise in violation of a constitutional or statutory provision.

"(c)   The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

worker, not to compensate her for a wrong done by the employer. * * *" 285 Or at 556.

In view of this language from *McPherson,* we think it clear that our opinion in *Arias* is no longer controlling. Whether "good cause" may include personal reasons is a value judgment entrusted to the Division.

In *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979), this court held that the Division's completed value judgments must be expressed in formally adopted administrative rules. The Division has adopted the following rule expanding on the statutory phrase "good cause:"

"*(4)     Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.*

"(5)     In applying the provisions of section (4) of this rule:

"(a)     Leaving work with good cause includes, but is not limited to, leaving work after accepting a definite offer of other work which can reasonably be expected to continue and pays an amount equal to or in excess of the weekly benefit amount. Good cause shall also include, but is not limited to, leaving work that pays less than the weekly benefit amount to accept work offering pay greater than work left but less than the weekly benefit amount.

"(b)     Leaving work without good cause includes, but is not limited to:

"(A)     Leaving suitable work to seek other work;

"(B)     Allowing union membership to lapse;

"(C)     Refusing to join a bona fide labor organization when membership therein was a condition of employment;

"(D)     Leaving to attend school, unless required by law." OAR 471-30-038(4)(5). (Emphasis supplied.)

We note that the rule does not exclude personal reasons. By its terms, the rule appears to include within the category of "good cause" *any* reason of

sufficient gravity.

■ The Division's authorized representative and the referee interpreted the rule as including personal reasons within the category of "good cause" for leaving work. Personal reasons, like job-related reasons, may constitute "good cause" if they are "* * * such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work." Two of the Board members (one of the majority members and the dissenting Board member)[2] followed and agreed with this interpretation. On this appeal, we also follow the Division's interpretation of its own rule.[3]

■ We turn now to consider whether claimant had a "reasonable alternative" to leaving work. As we noted above, the Board majority concluded that claimant had the reasonable alternative of an extended leave of absence. Claimant challenges this conclusion. We hold that a leave of absence was not a "reasonable alternative" open to the claimant.

The Board majority based its conclusion that claimant had a "reasonable alternative" upon two findings of fact. The majority found that the employer would have extended the claimant's leave of absence, and that "claimant was sure that the passage of time would have alleviated the mental stress she was undergoing * * *."

---

[2] The third Board member did not believe that the rule expressly excluded personal reasons from the category of "good cause." Rather, he felt that *Arias* was still controlling and that the rule did not "* * * specifically provide that strictly personal reasons are sufficient to constitute 'good cause' for leaving work."

[3] In its brief to this court, the Division argued solely that the Board's decision could be upheld because:

"* * *[T]he fact that the petitioner quit work when there were alternatives including an extended leave of absence, supports the inference drawn by the [B]oard that there was available the reasonable alternative of not leaving the area."

As is demonstrated *post,* this rationale will not sustain the Board's decision.

We first note, for what it may be worth, that it is doubtful that this last finding is supported by substantial evidence. The Board majority indicated that its finding was based upon specific testimony which reads as follows:

[By the referee]

"Q  Do you think your condition would have improved if you'd just toughed it out and stayed in Roseburg?

[Claimant]

"A  Would have improved?

"Q  Yeah, the mental stress. would it have as less - would it have lessened eventually, do you think?

"A  Oh, I'm sure that time takes - would have taken care of some of it, but even when I got back there to visit my mom, I never go to Roseburg. I stay in Winston."

In any event, as claimant contends, we find that an extended leave of absence was not a "reasonable alternative" available to claimant. When claimant told her employer that she was going to leave Roseburg, and work, she had been on a leave of absence for more than a month. The record indicates, and the Board majority found, that the employer would have extended this leave of absence. However, the record also indicates that the claimant was not being paid while on leave.

The hearing on this case was held more than four months after the attack on claimant and almost two months after claimant had moved from Roseburg. At that time, claimant still could not stay in Roseburg when she visited relatives. In this situation, a protracted, unpaid leave of absence is not a "reasonable alternative" to leaving work and being unemployed; indeed it is not an *alternative* at all.

The Board's finding that claimant is disqualified because she had a "reasonable alternative" to leaving work is reversed.