Submitted on record and briefs November 21, 1983, reversed and remanded for reconsideration February 8, 1984

## McAULAY,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-597; CA A27932)

676 P2d 365

Carmella Ettinger, Community Law Office, Portland, filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Lanier Brugh Corporation.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant appeals the Employment Appeals Board's ruling that he voluntarily left work without good cause and therefore is not eligible for unemployment compensation benefits. ORS 657.176(2).[1] We reverse.

Claimant, a truck driver, was cited for driving while under the influence of intoxicants while driving a company truck. When his employer learned of the incident, it immediately placed claimant on suspension without pay pending investigation of the charge.[2] Two days later, the employer gave claimant the option of submitting his resignation (which would result in termination of the investigation) or of being discharged. Claimant signed the "quit slip" his employer offered, resigning his job.

The Division found that claimant had been discharged for misconduct connected with his work and that he had not acted in his employer's best interest. Claimant appealed. The referee set aside the administrative decision and concluded that claimant had not voluntarily left his work, but had been discharged. The employer appealed, and EAB set aside the referee's decision, concluding that:

"FINDINGS OF FACT: (1) The claimant worked for the above employer as a truck driver from July 30 to November 15, 1982. (2) On November 13, 1982, while operating the employer's vehicle, the claimant was cited for driving a motor vehicle while under the influence of intoxicants. (3) When the employer discovered this incident, he had a conversation with the claimant concerning his continued employment. (4) *The claimant resigned his position in order to avoid suspension*

---

[1] ORS 657.176(2) provides in pertinent part:

"If the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause, * * *

"* * * * *

"the individual shall be disqualified from the receipt of benefits * * *."

[2] Although the record is unclear as to the precise procedure followed, apparently Department of Transportation regulations call for an automatic one-year suspension of the license of any truck driver found to have been driving while under the influence of intoxicants.

and investigation by the employer and the employer's required notice to the Dept. of Transportation. (5) The Dept. of Transportation, when informed of a situation such as this, could order a suspension of a driver for approximately one year.

"CONCLUSION AND REASONS: We do not agree with the decision of the referee. We find the claimant voluntarily left work without good cause. By the claimant's own admission, he quit this employment in order to avoid investigation of the incident concerning his driving by the employer and to also avoid any problems with the Dept. of Transportation when the employer notified them of the incident. *Had he remained employed, the claimant could have contested a discharge through his union* and it was unclear whether he would be automatically suspended by the Dept. of Transportation without a finding of guilt. We therefore find that, since these reasonable alternatives existed, the claimant has not established his work situation was of such gravity that he was left without alternatives to leaving." (Emphasis supplied.)

We reverse, because nothing in the record supports the emphasized findings and conclusions of EAB. *See* ORS 657.282; 183.482(8)(c).

OAR 471-30-038(2) provides:

"The distinction between voluntary leaving and discharge is:

"(a)   If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b)   If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

The principal issue here is whether claimant would have been permitted to continue working for his employer pending resolution of the driving while intoxicated charge. If not, EAB's conclusion that claimant should have remained employed while contesting his discharge is without support in the record.

A representative of the employer testified at the hearing:

"A    [By Mr. Bleeg]: Mr. McAulay was separated due to the events on the evening of 11/13/82, which time it came to my attention from a call from the Oregon State Police in Roseburg, Oregon, that Mr. McAulay had been pulled over, arrested, and jailed due to driving under the influence of intoxicating liquor. *At that time Mr. McAulay was placed on suspension pending an investigation of the charges and the incident.* * * *

"* * * * *

"A    He came into Portland, I believe - came into our office on November 15. *I told him at that time that he was under suspension pending an investigation.* Mr. Brugh; Troy Brugh, *the President;* [of the employer] *suggested that we either discharge pending the investigation,* where it looked like it was heading when we talked to the police; *or Mr. McAulay would sign a quit slip* which would stop the whole investigation there and would stop our notification of the D.O.T. of driving under the influence. * * *

"* * * * *

"Q    [By the referee]: *If Mr. McAulay had not signed the slip* which is Exhibit 6, then I take it *he would've been fired?*

"A    *Yes.*" (Emphasis supplied.)

That testimony establishes that, had claimant wished to continue working for the employer pending resolution of the criminal charges, he would not have been permitted to do so. The record, therefore, does not support the finding that claimant resigned his position in order to avoid suspension. He was on suspension before his resignation. Neither does anything in the record establish that claimant might have been permitted to continue his employment while contesting a discharge through his union. To the contrary, the employer's representative testified that claimant was on suspension as soon as the company learned of the incident.

The facts in *Taylor v. Employment Division,* 66 Or App 313, 674 P2d 64 (1984), are closely analogous. Taylor, an OLCC enforcement agent, was suspended without pay because of his disagreement with certain OLCC policies. Shortly after his suspension, he resigned in accordance with the terms of a settlement agreement reached with OLCC. Taylor's application for unemployment compensation benefits was rejected. On appeal, we concluded that the referee's

finding that Taylor had voluntarily left work was without support in the record, reasoning:

> "The referee relied on claimant's duty to continue working while pursuing the appeal of his proposed discharge, yet the claimant was not working: he had been suspended for over a month, and there was no end in sight to the suspension. * * * *It is difficult to understand how the referee could require claimant to continue 'working' at a job where he was doing no work, for which he was receiving no pay, and for which he would receive no pay until a lengthy appeals process,* possibly including judicial review, was over." 66 Or App at 316. (Emphasis supplied.)

Here, as in *Taylor,* it is difficult to understand how EAB could have concluded that claimant should have continued working at a job from which he had been suspended. Also it is not clear how EAB could have found that claimant voluntarily resigned his job to avoid suspension when he already had been suspended. Those two findings, therefore, are not based on substantial evidence in the record. ORS 183.482(8)(c).

Reversed and remanded for reconsideration.