Argued and submitted December 14, 1983, reversed and
remanded for reconsideration February 8, 1984

# CRESCENZI,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (83-AB-88; CA A27203)

676 P2d 357

Robert K. Udziela, Portland, argued the cause for peti-
tioner. With him on the brief was Pozzi, Wilson, Atchison,
O'Leary & Conboy, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Kathy Ann Peck, Salem, argued the cause and filed the brief for respondent Beavercreek Rural Fire Protection District.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The issue in this unemployment compensation appeal is whether claimant had good cause for his voluntary resignation as chief of the Beavercreek Rural Fire Protection District (District). The referee found that he did not; the Employment Appeals Board, one member dissenting, affirmed although on somewhat different grounds from those stated by the referee. We reverse and remand for reconsideration.

Claimant was injured on the job in 1979. After some time off for recovery, he returned to work but continued to suffer pain from the injury. On January 29, 1982, he requested and received a 120-day unpaid leave of absence to go to a pain clinic; he received a 30-day extension of the unpaid leave on May 10. His treatment apparently did not benefit him sufficiently to enable him to return to work after the leave.

The union contract with the District's paid firefighters provided for a maximum of six months leave, but claimant, as the chief, was not covered by the contract. At the end of June, he incorrectly believed that he had used up his available leave, and the District's board was also under that impression. In fact, the District's policy is flexible, and non-union employes may receive more than six months leave if necessary. At a meeting with the District board on June 30, 1982, claimant told it that, because of his injury, it was highly unlikely that he would ever return to work. He did not ask for an additional leave, and the board treated his statement as a resignation, which it afterwards accepted. At oral argument, claimant agreed that there is substantial evidence that he resigned.

The referee found that claimant, although unable to do his job for the District, quit because he thought he could obtain disability payments by doing so. The referee held that that was not good cause, because claimant had not exhausted all reasonable alternatives—in particular, requesting an extension of his leave of absence. EAB adopted the referee's findings but not his reasoning. Rather, it found that claimant, in applying for benefits and thus certifying his ability to work, had contradicted his testimony that he was unable to continue working for the District. EAB therefore concluded that his

situation was not of such gravity that he had no reasonable alternative to quitting.[1]

■        EAB's order, as written, does not rationally connect its findings of facts with its conclusions of law. *See* ORS 183.470; 183.482(8)(a). There does not appear to be any real dispute that claimant was unable to do the work of the job he had with the District or any other job it might have available. His applying for unemployment benefits and certifying himself available for other work did not necessarily contradict this fact. While he could not do the District's work, he might well have been able to do other kinds of work. There are no findings of fact concerning this issue—probably because the parties did not consider it to be an issue.

EAB also failed to consider adequately claimant's available options when he resigned. If claimant was unable to do the District's work, his decision to quit may well have been his only alternative.[2] The referee's position that claimant had the alternative of seeking another leave of absence does not consider two undisputed facts, *i.e.,* that his leave of absences were without pay[3] and that his efforts to make himself able to return to work during the previous leaves were unsuccessful, with no indication that further efforts would be successful. The referee and EAB found that claimant notified the District that it was highly unlikely that he would ever be able to return. If claimant's representation to the board is accurate—and no one appears to challenge it—then another leave of absence would have been futile, causing claimant the possible loss of disability or unemployment compensation benefits for the period of the leave without aiding either himself or the

---

[1] One member of the EAB majority found that claimant left work when he received his leave of absence in January. He would have held that, because employers are responsible for paying compensation when they initiate temporary separation by laying workers off, an employe who initiates a temporary separation should be disqualified from receiving benefits. He apparently would take that position without regard to the reason for the temporary separation. Whatever the value of his position as a matter of policy, we are aware of no basis on which it could be supported under present law. *Cf. McPherson v. Employment Division,* 285 Or 541, 556, 591 P2d 1381 (1979) (unemployment compensation is designed to benefit the worker, not to compensate for a wrong done by the employer). Because the majority did not adopt the concurring position in this case, we need not now rule on its validity.

[2] This is the position EAB Chairman Morgan took in his dissent.

[3] *See Taylor v. Employment Division,* 66 Or App 313, 674 P2d 64 (1984) (that employe is suspended without pay is important factor in determining whether he has a reasonable alternative to resigning the employment).

District. Under these circumstances, it is not surprising that EAB rejected the referee's rationale that taking an additional leave in such circumstances was a reasonable alternative to resigning.

■     This case must be reconsidered. In doing so, EAB must address, both in its findings of fact and in its reasoning, the crucial issues: (1) Was there any reasonable likelihood that claimant, at the time he resigned, had any realistic hope of ever returning to work for the District? (2) Even if he did, was the further leave he would need to take with or without pay? (3) In spite of the disabilities that kept him from being a firefighter, was there work, other than employment for the District, for which claimant was qualified and available? The answer to these questions may not guarantee claimant benefits, but they will assure that his claim is adjudicated on its merits. *See, e.g., Sothras v. Employment Division,* 48 Or App 69, 616 P2d 524 (1980).

Reversed and remanded for reconsideration.