Argued and submitted November 30, 1983, reversed and remanded for reconsideration
February 22, 1984

ALSTON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-441; CA A27787)

676 P2d 940

Robert M. Atkinson, Salem, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Robert D. Boivin, Klamath Falls, waived appearance for respondent Klamath County Sheriff's Office.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant seeks review of a decision of the Employment Appeals Board (EAB) denying him unemployment compensation on the ground that he voluntarily resigned his employment as a Klamath County Deputy Sheriff without good cause. EAB reversed the referee, who had found that petitioner quit because of marital difficulties and that those difficulties constituted good cause. We reverse and remand.

In the summer of 1982, claimant experienced serious marital problems, stemming primarily from his wife's dissatisfaction with Klamath Falls and her desire to return to Salem. The problems affected his performance as a deputy sheriff, and he sought mental health counseling both for himself individually and for the couple. The counselor ultimately advised him that he should either return to Salem or accept a divorce and that further counseling would be of no help. His wife also worked for Klamath County, and her immediate supervisor encouraged her to divorce petitioner. Petitioner, in retaliation, wrote an anonymous letter to the director of his wife's department critizing her supervisor. The letter created a possibility of disciplinary action against claimant; he resigned before any formal proceedings were instituted. He and his wife then moved to Salem.

This case presents a fairly typical problem in this court's review of unemployment compensation cases—the failure of the referee and EAB to deal with the case on the same basis. Here, the referee found the facts in accordance with the claimant's testimony, *i.e.,* that claimant quit and left Klamath Falls to save his marriage. If that is true, claimant had a compelling personal reason for leaving work, and he is not disqualified from receiving unemployment compensation benefits. *See Sothras v. Employment Division,* 48 Or App 69, 616 P2d 524 (1980).

EAB, in reversing the referee, found that petitioner had quit solely to avoid discipline over his anonymous letter, not because of his marital problems. It also found that he had a reasonable alternative to resigning, which was to follow through on the grievance procedure available to him. Speaking abstractly, it could be said that there is evidence to support this view—the timing of claimant's resignation, right after the disclosure that he was responsible for the anonymous letter,

would, standing by itself, fairly permit EAB's conclusion. However, that evidence does not stand alone. Claimant's testimony—which the referee believed—is to the contrary; even Sheriff Duryee, employer's only witness, viewed the letter as the outgrowth of claimant's marital problems.

Is the Board choosing to disbelieve the claimant? If so, then it needs to address the credibility issue directly. *See Lewis v. Employment Division,* 66 Or App 303, 307-08, 673 P2d 1376 (1984); *Christensen v. Employment Division,* 66 Or App 309, 673 P2d 1379 (1984); *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978). Is it, instead, accepting most (if not all) of his testimony, but finding that he had reasonable alternatives to leaving work anyway? If this is the Board's view, it appears to ignore *Sothras v. Employment Division, supra. See also Taylor v. Employment Division,* 66 Or App 313, 674 P2d 64 (1984).

The Board's findings are incomplete. With respect to the findings it has made, the path from them to its conclusions of law is not explained. The order must be reconsidered. ORS 657.282; 183.450; 183.482(8)(a).

Reversed and remanded for reconsideration.