Argued and submitted November 2, 1984, reversed and remanded January 23, 1985

# GUTIERREZ,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-578; CA A31593)

693 P2d 1344

David L. Slansky, McMinnville, argued the cause for petitioner. With him on the brief were Marilyn Lindgren and Oregon Legal Services, McMinnville.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Terrence D. Mahr, Newberg, waived appearance for respondent Newberg School District #29.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of an order of the Employment Appeals Board denying him unemployment compensation on the ground that he "voluntarily left work without good cause." ORS 657.176(2)(c). We reverse and remand for reconsideration, because the order lacks sufficient findings of fact.

Petitioner worked as a custodian in a school. A few years ago, his wife suffered a stroke. Since then, she has been plagued by headaches, dizziness, fainting and high blood pressure. Petitioner went home daily during his lunch hour to check on his wife. Sometimes he found her fainted or in a dazed state, unable to recognize him. Her doctor recommended that petitioner move to a place where her health could be monitored more closely by friends or family. He also advised her to move to a drier and milder climate. Petitioner had no friends or relatives nearby who could care for his wife, and he could not afford to hire someone to do so. His wife wanted to move to California, where her parents and grandparents lived and could care for her.

Petitioner initially resisted the move to California, because he liked his job. However, he became increasingly worried about his wife's health and, consequently, his work began to suffer. His employer offered to put him on a "plan of assistance" to improve his work or to transfer him to a school closer to his home, but petitioner initially did not respond to the offer. He later decided to quit and move to California with his wife. He submitted the following letter of resignation:

"Dec. 20, 1983

"I would like to resign my custodian position at Renne Middle School.

"I understand I could be put on a plan of assistance to improve my work. I also understand you will transfer me to the high school to give me another work site.

"I do not want to work under these conditions.

"/s/ Rafael Gutierrez

"We are moving to California because of my wife's health and my wife's grandmother's health."

Petitioner's application for unemployment compensation was initially denied on the ground that he had resigned

because of dissatisfaction with his job. He requested a hearing, at which he testified that he left work because of his wife's health problems. The referee agreed and found that that constituted good cause for leaving work.[1] EAB reversed, one member dissenting. It found that petitioner left work because he did not want to work under the "plan of assistance" or to be transferred to another school and concluded that that did not constitute good cause for leaving work.

■■    EAB made no findings of fact concerning petitioner's contention that he left work because of his wife's medical problems. It had a duty to do so under ORS 183.470(2), which provides that, in a contested case, "[t]he findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order." Failure to do so renders the order insufficient. *Cascade Forest Products v. Accident Prev. Div.,* 60 Or App 255, 260, 653 P2d 574 (1982). Moreover, if EAB found petitioner's testimony not credible, it should have explicitly said so and explained why it disagreed with the referee's implicit credibility finding. *Steinkellner v. Employment Division,* 67 Or App 50, 52, 676 P2d 941 (1984); *Alston v. Employment Division,* 67 Or App 59, 62, 676 P2d 940 (1984); *Lewis v. Employment Division,* 66 Or App 303, 306-08, 673 P2d 1376 (1984).

Reversed and remanded for reconsideration.[2]

---

[1] OAR 471-030-038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

Personal reasons, not related to work, may constitute good cause for leaving work under this rule. *Sothras v. Employment Division,* 48 Or App 69, 76, 616 P2d 524 (1980).

[2] Because of our disposition of this case, we need not address petitioner's other assignments of error.