Argued and submitted November 2, 1984, reversed and remanded for reconsideration February 27, 1985

# PROPST,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-326A; CA A32481)

696 P2d 4

Cynthia Dettman, Oregon Legal Services, Albany, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Marianna Kanwit, Portland, argued the cause for respondent National Fruit Company. With her on the brief were Larry K. Amburgey, and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of an order of the Employment Appeals Board denying him unemployment compensation on the ground that he was "discharged for misconduct connected with work." ORS 657.176(2)(a). We reverse and remand for reconsideration.

Petitioner worked for respondent employer from 1974 until his first discharge in June, 1983, for alleged absenteeism. He filed a union grievance concerning that discharge and was reinstated to his job in August, 1983.

He was found to be eligible for unemployment compensation during that period of unemployment. The referee in that case found there were valid medical reasons for petitioner's tardiness. He found that petitioner suffered from narcolepsy and from facial skin lesions, which erupted when petitioner was under stress. Additionally, he found that petitioner's absence on a certain day was the result of an isolated instance of poor judgment. The referee concluded that petitioner was not discharged for misconduct.[1]

There is evidence that one of the terms of the reinstatement agreement under which petitioner returned to work was that he would be terminated if he missed more work because of his medical problems. He had no further problems with absenteeism until November 29-30, 1983. Employer claimed that petitioner was late both days and that he was discharged as a result.

His initial application for unemployment compensation was denied on the ground that he was discharged for violation of employer's attendance policy. The initial denial contained findings that he was late for work on both days. Petitioner requested a hearing.

---

[1] OAR 471-30-038(3) provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, *absences due to illness or other physical or mental disabilities,* or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176." (Emphasis supplied.)

At the hearing, employer's personnel manager testified that petitioner was 12 minutes late on November 29 and, as a result, employer was forced to pay another employe overtime until petitioner arrived. She also testified that petitioner had received a verbal warning. Petitioner denied being late; he testified that the employer's "clocks were off" and that he was in fact on time.

Petitioner admitted being late on November 30, but explained that his tardiness was caused by an outbreak of a skin lesion. He testified that, one hour before work, he lanced the lesion and consequently began to bleed profusely. He asked his girlfriend to call and report that he would be late. He left for work but, because he was bleeding so badly, he had to stop on the way. When he finally arrived 49 minutes late, he was told to go home, because another employe had been called in to replace him. He was discharged the next day.

Employer's personnel manager testified that petitioner's girlfriend called twice on November 30, but claimed that the first time she called, she stated that petitioner would be late because she had arrived home late with his car and, the second time, she stated that petitioner would be even later because his car had run out of gas. At the hearing, the girlfriend admitted that she had lied but explained that she had done so because she feared that petitioner would be discharged if employer knew the true reason for his tardiness. There was a conflict between the personnel manager's testimony and that of petitioner's girlfriend concerning the time at which the calls were made. The personnel manager testified that the calls were made later than when the girlfriend claimed she called.

The referee affirmed the denial of compensation, adopting the findings and conclusions of the initial administrative decision. On appeal, EAB affirmed and made the following findings and conclusions:

"FINDINGS OF FACT: (1) The claimant worked for the above employer as a warehouse employee. (2) Prior to November 1983 he had been warned that his employment was in jeopardy because of attendance problems. (3) On November 29 and November 30, 1983 the claimant was late to work and he was discharged on that account.

"CONCLUSION AND REASONS: We agree with the referee

that the claimant was discharged for misconduct connected with his work. His repeated failure to report for work on time constituted wilful disregard of his duty as an employee. Under OAR 471-30-038 such was misconduct, for which he is properly disqualified from unemployment insurance benefits under ORS 657.176."

EAB denied petitioner's request for reconsideration.

In a contested case, findings of fact "shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order." ORS 183.470(2). Petitioner's first assignment of error is that EAB's order does not meet this standard. We agree.

The order lacks findings of fact concerning whether there were valid medical reasons for petitioner's tardiness on November 30. Failure to address the sole contention given by petitioner to explain his tardiness on that day renders the order incomplete and insufficient. *Cascade Forest Products v. Accident Prev. Div.*, 60 Or App 255, 260, 653 P2d 574 (1982).

The order also lacks sufficient findings on the issue of petitioner's tardiness on November 29. The only evidence presented was the conflicting testimony of petitioner and employer's personnel manager. Nonetheless, both the referee and EAB found that petitioner was late without making an express credibility determination. Because credibility was pivotal on this issue, such a determination should have been made. *Steinkellner v. Employment Division*, 67 Or App 50, 52, 676 P2d 941 (1984); *Alston v. Employment Division*, 67 Or App 59, 62, 676 P2d 940 (1984); *see also Lewis v. Employment Division*, 66 Or App 303, 306-08, 673 P2d 1376 (1984).

Petitioner claims that EAB's finding that petitioner's employment was in jeopardy because of "attendance problems" is incomplete because "[i]t failed to address Petitioner's uncontradicted contention that his prior absences from work were for *medical* reasons, and that his employment was in jeopardy due to his continual *health* problems, not due to unexcused absences." He claims that this contention is crucial because it relates directly to the issue of the wilfulness of his conduct.

We question whether petitioner's previous attendance problems are relevant; presumably, he is being denied benefits for his tardiness on November 29-30, rather than for his earlier attendance problems. However, it is unclear whether EAB's reference to petitioner's "repeated failure to report for work on time" refers only to November 29-30 or to his previous attendance problems. Because we cannot determine the basis of the disqualification, we remand for clarification on reconsideration.

Reversed and remanded for reconsideration.[2]

---

[2] Because of our disposition of the case, we need not address petitioner's other assignments of error.