Submitted on record and petitioner's brief January 7, reversed and remanded for reconsideration February 27, 1985

BENNETT,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-910-A; CA A32708)

695 P2d 971

Lyle C. Velure, and Velure & Bruce, Eugene, filed the brief for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent Weyerhaeuser Company.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant petitions for review of an Employment Appeals Board order which disqualified her from receiving unemployment compensation. Because EAB's order fails to address claimant's principal contention, we reverse and remand for reconsideration.

At the time of her termination, claimant had worked for employer for slightly more than seven years. She had a fairly extensive record of absenteeism, including several reprimands for missing work, and a two-day suspension for tardiness. On December 12, 1983, claimant overslept and did not report to work until 10:45 a.m., instead of 7:00 a.m. as scheduled. As a result, she first was suspended, but two days later she was terminated.

Claimant's first application for unemployment benefits was denied on the basis that her attendance problems constituted misconduct. At the hearing, she testified that she has hypoglycemia,[1] which, among other things, causes dizziness, nausea and fatigue. She further testified that her absenteeism was related to her health problems. The referee set aside the denial, concluding that claimant's behavior had not been wilful. EAB reversed and, with one member dissenting, concluded that claimant was guilty of misconduct and denied her benefits.

Under OAR 471-30-038, "absences due to illness are not misconduct for the purposes of denying benefits." Nevertheless, EAB made no findings concerning claimant's contention that her absenteeism was related to her health problems. Under ORS 183.470(2), EAB has a duty to make findings as to each contested issue. Its failure to do so renders the order insufficient. *Gutierrez v. Employment Division,* 71 Or App 658, 693 P2d 1344 (1985).

Reversed and remanded for reconsideration.

---

[1] Hypoglycemia is a reduction in blood glucose.