Submitted on record and briefs February 13, reversed and remanded May 21, 1986

MIDDLETON,
*Petitioner,*

*v.*

FRED MEYER, INC. et al,
*Respondents.*

(85-AB-942; CA A36660)

719 P2d 73

Sharon Stevens and Michael B. Dye, Salem, filed the brief for petitioner.

No appearance for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks judicial review of an Employment Appeals Board order denying her unemployment compensation benefits on the ground that she had voluntarily left work without good cause. She argues that the decision is not supported by substantial evidence, because EAB's conclusions are not rationally related to its fact findings or to the record and because EAB failed to address her main contention. We reverse and remand for reconsideration.

EAB adopted the referee's decision, which set forth the following findings and conclusions:

"(1) Claimant worked for the employer at its Albany store from July 17, 1977, to March 9, 1985. (2) Commencing in December of 1977, claimant was the lead clerk in the ladies ready-to-wear department, and was until the day of her separation. (3) She worked 40 hours per week. (4) Her closing rate of pay was $6.59 1/2 per hour. (5) For the last year, the claimant felt under heavy pressure. (6) She asked for additional help. (7) She also asked for a full-time backup. (8) She requested that the department be split up and that they take her out of the department. (9) The claimant had the largest department in the store, and had the heaviest workload. (10) On March 5, the district manager phoned the claimant and asked her if she would consider transferring to the South Salem store. (11) On March 6 the claimant informed the district manager that she didn't want to transfer. Also, she told her manager the same thing. (12) After March 5, the claimant had the feeling that her manager was watching her every minute. The same was true of her assistant manager. (13) On March 7 or March 8, 1985, her manager told claimant that she was going to flunk her 'white glove' inspection. (14) Claimant became very upset emotionally. (15) She cried in front of customers during the last week she worked. (16) On March 9, 1985, claimant felt crushed. (17) Claimant did not request a leave of absence. (18) The claimant was scheduled to begin a 10-day vacation beginning March 13, 1985. (19) The claimant was two years from retirement. (20) The claimant had just bought a house and a car and had to make payments on them. (21) On Saturday, March 9, claimant took off her smock, and walked out.

"CONCLUSIONS AND REASONS: Claimant left her work voluntarily without good cause.

"The person in management who saw the claimant take

off her smock and walk out, as a reasonable person, had a right to think that the claimant was abandoning her job.

"OAR 471-30-038(4) states that 'good cause' for voluntarily leaving work is '[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.'

"Here, claimant did have a reasonable alternative but to leave work. She could have requested a leave of absence. She had a 10-day vacation, which was scheduled to begin in less than a week from the time she left. If she had taken it, she might have felt differently about her job when she returned."

In addition to adopting the referee's order, EAB stated, "We cannot find that the [petitioner's] abrupt departure was the act of a reasonable and prudent person of normal sensitivity exercising ordinary common sense."

■ ORS 183.470(2) imposes a duty on EAB to make findings on each contested issue. The referee and EAB did not address petitioner's main contention that her supervisor's harassment and refusal to redesign her job constituted "good cause" to leave work. Petitioner presented evidence on that issue, and the failure of EAB to address it requires that we reverse and remand for reconsideration. *Bennett v. Employment Division,* 72 Or App 406, 695 P2d 971 (1985); *Gutierrez v. Employment Division,* 71 Or App 658, 693 P2d 1344 (1985).

■ Petitioner is also correct in asserting that there is no rational relationship between the findings of fact and the legal conclusions made by the referee and adopted by EAB. Conclusions must be based on facts; speculation and conjecture is impermissible. *See Meiling v. Employment Division,* 74 Or App 292, 702 P2d 1151 (1985).

■ The referee concluded that petitioner had reasonable alternatives to leaving work, such as requesting a leave of absence or waiting until after her vacation, asserting that "she might have felt differently about the job when she returned." There is no finding of fact which justifies that speculation. First, no evidence was presented regarding the availability of leaves of absence. Second, the conclusion that petitioner might have felt differently after a separation from work is not supported by substantial evidence. What evidence there is on

the issue supports a contrary conclusion. Petitioner felt under pressure for the past year. The referee found that she had the largest department in the store and the heaviest workload. She requested additional help or that her department be split up, all to no avail. Petitioner saw a physician on March 26, 17 days after she had left work. The doctor reported "symptoms resulting from on-the-job stress. These symptoms included insomnia, confusion, fatigue, anorexia, tearfulness and emotional turmoil." Another possible conclusion that may be drawn from that evidence is that petitioner felt no differently about her job after a two- and one-half week separation from it.

Because EAB failed to address petitioner's main contention and because there is no rational relationship between EAB's finding of fact and its conclusions, we reverse and remand for reconsideration.