23CA1716 Peo v Gladwell 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1716
Boulder County District Court No. 20CR1906
Honorable Nancy W. Salomone, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Leon Kiyoshi Gladwell,

Defendant-Appellee.

ORDER AFFIRMED

Division I
Opinion by JUDGE HARRIS
J. Jones and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Michael T. Dougherty, District Attorney, Adam Kendall, Chief Trial Deputy, Ryan Day, Senior Deputy District Attorney, Boulder, Colorado, for Plaintiff-Appellant

Jamie Hubbard, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellee

¶ 1     The People appeal the trial court's order dismissing multiple counts of attempted extreme indifference murder against the defendant, Leon Kiyoshi Gladwell, after a preliminary hearing.  The narrow question in this appeal is whether, to prove attempted extreme indifference murder, the prosecution must show that the defendant created a grave risk of death to another person.  The district court said yes.  We agree with the district court and therefore affirm.

## I.     Background

¶ 2     In September 2020, when the incident underlying the charges occurred, Gladwell was on parole and staying in a hotel.  A SWAT team arrived at the hotel one evening to arrest Gladwell.  During the officers' attempt to effectuate the arrest, Gladwell started a fire in his hotel room that caused a butane can to explode.  No one was injured.

¶ 3     The People initially charged Gladwell with, among other offenses, one count of attempted first degree extreme indifference murder against certain hotel guests.  Gladwell moved to dismiss that count, arguing that his conduct had not created a grave risk of death to any guest.  The People then amended the charging

1

document, substituting the single count of attempted murder against the hotel guests with thirteen counts of attempted first degree extreme indifference murder against each member of the SWAT team.

¶ 4     In their response to Gladwell's motion to dismiss, the People acknowledged that to prove attempted extreme indifference murder, they had to show that Gladwell's conduct created a grave risk of death to another person.  But they argued that whether his conduct created such a risk was a factual question for the jury.

¶ 5     The district court held a preliminary hearing on the new charges of attempted extreme indifference murder.  A police officer and a fire investigator testified.

¶ 6     According to the prosecution's evidence, on the afternoon of the incident, local police officers, accompanied by a parole officer, visited Gladwell at his room on the third floor of the hotel to conduct a welfare check.  During the contact with Gladwell, the officers recovered two pocketknives from him and noted that he appeared "scared" and potentially under the influence of drugs.  That evening, one of the officers returned with a sizable SWAT team to arrest Gladwell for violating his parole conditions.

2

¶ 7    While the SWAT team was positioned outside Gladwell's room in different areas on the third floor, Gladwell set his mattress on fire. A butane can was on the bed; it caught fire and exploded. As the fire investigator explained, the explosion created pressure that caused the window in the bedroom portion of the hotel room to break. The glass fell "in kind of a straight line down" onto the ground rather than blowing out away from the building.

¶ 8    The investigator testified that because the pressure escaped out the window, he could not say with any certainty how much pressure the explosion created. But he acknowledged that a window would break at "low" pressure. And he could not identify any other real damage to the room from the explosion. In fact, the explosion did not crack the screen of the television located next to the bed or damage the door to the hallway.

¶ 9    During argument, the prosecutor conceded that because the explosion was "always going to go away from th[e] officers" and out the window, Gladwell's conduct did not place any of the SWAT team members at grave risk of death. But he now contended that causing a grave risk of death was *not* an element of attempted extreme indifference murder. Instead, his position was that the

prosecution had to show only that Gladwell "took a substantial step . . . toward creating a grave risk of death."

¶ 10    The district court rejected that argument. And because it found that the evidence, even viewed in the light most favorable to the prosecution, did not establish probable cause that Gladwell's conduct created a grave risk of death to another person, the court dismissed the attempted extreme indifference murder counts.

## II.    Probable Cause for Attempted Extreme Indifference Murder

¶ 11    The People argue that the district court misapplied the law. Under their theory, they had to establish only that the defendant tried or came close to creating a grave risk of death to another person, not that he actually created such a risk.

### A.    Standard of Review

¶ 12    A preliminary hearing is not a mini trial; rather, it is a "screening tool," *People v. Platteel*, 2023 CO 18, ¶ 33, used to determine whether there is probable cause to believe that the defendant has committed the charged offense, *see People v. Hodge*, 2018 COA 155, ¶ 10. Thus, the district court must view the evidence in the light most favorable to the prosecution and draw all reasonable inferences in its favor. *See People v. Nygren*, 696 P.2d

270, 272 (Colo. 1985). And the court may not make credibility determinations unless the court finds that certain testimony is incredible as a matter of law. *Platteel*, ¶ 32. For its part, though, the prosecution must establish probable cause "as to each element of the crime." *People v. Moyer*, 670 P.2d 785, 791 (Colo. 1983).

¶ 13 We review the trial court's probable cause determination for an abuse of discretion, but we review its legal conclusions de novo. *Hodge*, ¶ 11. Only if we determine that the trial court misapplied the law will we conduct our own review of the evidence to determine whether it would "induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crime charged." *Id.* (quoting *People v. Hall*, 999 P.2d 207, 221 (Colo. 2000)).

## B. Discussion

¶ 14 A person commits first degree extreme indifference murder if, (1) "[u]nder circumstances evidencing an attitude of universal malice manifesting extreme indifference to the value of human life generally," (2) he knowingly engages in conduct that "creates a grave risk of death to" another person, and (3) "thereby causes the death of another." § 18-3-102(1)(d), C.R.S. 2024.

5

¶ 15    The People note that a person commits criminal attempt when, acting with the "kind of culpability" required for the completed offense, he "engages in . . . a substantial step toward the commission of the offense." § 18-2-101(1), C.R.S. 2024.  Therefore, their argument goes, to prove attempted extreme indifference murder, they had to establish only that Gladwell took a substantial step toward completing the commission of the crime of extreme indifference murder.

¶ 16    But our state's case law is clear that the "substantial step required for a conviction of attempted extreme indifference murder is 'conduct which poses a real and proximate risk of death to the victim.'" *People v. Ramos*, 708 P.2d 1347, 1350 (Colo. 1985) (quoting *People v. Castro*, 657 P.2d 932, 941 (Colo. 1983)).  This holding has constitutional underpinnings.  In rejecting the defendant's equal protection claim, the *Castro* court differentiated attempted first degree assault from attempted extreme indifference murder on the basis that the latter crime, unlike the former, requires the prosecution to prove that the defendant's conduct created a grave risk of death to another.  *Castro*, 657 P.2d at 941, *overruled on other grounds by West v. People*, 2015 CO 5.  A "grave

risk" of death "refers to conduct that is practically certain to cause the death of another." *Id.* at 940.

¶ 17     We reject the People's argument that under *Castro* (and its progeny), the substantial step can merely be conduct that is "inherently dangerous," not one that actually creates a grave risk of death to another person. The supreme court did not say that, and, contrary to the People's argument, its ruling specifically focused on the risk of death to the victim, not the inherent dangerousness of the conduct: by firing shotgun blasts "in the general direction of the victim," the court reasoned, the defendant "create[d] a grave risk of death to another." *Id.* at 941.

¶ 18     Nor are we persuaded that the law concerning extreme indifference murder has "evolved," such that *Castro*'s holding is obsolete. In the years since *Castro*, appellate court decisions have uniformly reaffirmed that a conviction for attempted extreme indifference murder requires proof that the defendant created a grave risk of death to another person. *See Ramos*, 708 P.2d at 1350; *Candelaria v. People*, 148 P.3d 178, 183 (Colo. 2006) (evidence was sufficient to support attempted extreme indifference murder conviction where the jury could have found that the

7

defendant was aware that his conduct "was practically certain to cause death"); *Montoya v. People*, 2017 CO 40, ¶ 17 (substantial step necessary to complete crime of extreme indifference murder is the defendant's knowing engagement in conduct practically certain to cause the death of another); *see also People v. Ellis*, 30 P.3d 774, 779 (Colo. App. 2001) (affirming convictions for attempted extreme indifference murder because the evidence showed that the defendant "engaged in conduct creating a grave risk of death to others"); *People v. Rubio*, 222 P.3d 355, 359 (Colo. App. 2009) ("Attempted extreme indifference murder . . . covers knowing conduct that created a grave risk of, but did not result in, death."); *People v. Draper*, 2021 COA 120, ¶ 102 (affirming the defendant's conviction for attempted extreme indifference murder because the defendant's conduct of shooting at occupied vehicles "posed a real and proximate risk of death to the victims" regardless of whether they sustained injuries), *overruled on other grounds by Garcia v. People*, 2023 CO 30; *cf. People v. Terry*, 2019 COA 9, ¶ 42 (attempted extreme indifference murder is a per se grave and serious offense because it involves conduct that creates a grave risk

of death), *overruled on other grounds by People v. Segura,* 2024 CO 70.

¶ 19    Because attempted extreme indifference murder requires proof of conduct that creates a grave risk of death, the People's reliance on the attempt statute's impossibility provision misses the mark. True, "[f]actual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be." § 18-2-101(1).  But that just means that if the defendant has taken a substantial step toward committing the crime, it is no defense to say that he could not have completed the commission of the crime based on some factual or legal impossibility — he is still guilty of criminal attempt.  Gladwell did not take a substantial step toward committing the completed crime, though, so impossibility principles are inapplicable.

¶ 20    None of the cases on which the People rely advance their position.  *People v. Lehnert,* 163 P.3d 1111 (Colo. 2007), for example, did not involve impossibility or attempted extreme indifference murder.  The question in that case was whether the defendant's conduct amounted to a substantial step toward the

commission of the crime of attempted first degree murder (after deliberation). *Id.* at 1115. The court concluded that by repeatedly expressing her intent to kill two law enforcement officers with pipe bombs, acquiring all the materials and instructions necessary to build the bombs, partially constructing a bomb, buying gunpowder, gathering personal information about one of the intended victims, and "reconnoiter[ing]" the victim's home, the defendant had indeed taken a substantial step toward committing the crime, even if she never produced an operational bomb. *Id.* at 1115-16. The decision does not affect our analysis. *Lehnert* simply stands for the proposition that a person commits an attempt crime when he takes a substantial step toward committing the completed crime. The supreme court, though, has defined what constitutes a substantial step for purposes of attempted extreme indifference murder.

¶ 21    The same goes for cases involving attempted sexual assault on a child where the "victim" is a police officer. As the division explained in *People v. Buerge*, 240 P.3d 363, 367-68 (Colo. App. 2009), a defendant can take a substantial step toward committing the crime of sexual assault regardless of the true identity of the victim. But again, a person cannot take a substantial step toward

10

committing the crime of extreme indifference murder without engaging in conduct that creates a grave risk of death to another person.

¶ 22    The People's list of hypotheticals is equally unhelpful. If a person shot at a group of people, but "an [unknown] obstacle . . . prevented th[e] bullets from striking [the] victims," he might not be guilty of attempted extreme indifference murder, but he would likely be guilty of attempted first degree murder (after deliberation). And if person shot into a car he knew was occupied but he did not injure someone, he could still be guilty of attempted extreme indifference murder, *see Draper*, ¶¶ 101-02, unless, for some reason, the act of shooting into the occupied car did not create a grave risk of death to any person. Under those circumstances, though, he would likely be guilty of attempted first degree murder (after deliberation). We do not consider these results absurd. And even if we did, we are bound by the supreme court's decisions. *See People v. Smith*, 183 P.3d 726, 729 (Colo. App. 2008).

¶ 23    Although the People contend that the evidence established probable cause, they do not argue that it showed that Gladwell created a grave risk of death to another person. Accordingly, we

11

conclude that the district court did not err by dismissing the thirteen counts of attempted extreme indifference murder.

### III.    Disposition

¶ 24    The order is affirmed.

JUDGE J. JONES and JUDGE GOMEZ concur.