Argued and submitted March 25, 1981, reversed and
remanded for reconsideration January 25, 1982

BLIVENS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 80 AB 1011, CA 19354)

639 P2d 690

Donald B. Fishman, Jackson County Legal Services,
Medford, argued the cause and filed the brief for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent Jackson County.

Before Buttler, Presiding Judge, Warden, Judge, and
Joseph, Chief Judge.*

WARDEN, J.

* Joseph, C.J., *vice* Warren, J.

## WARDEN, J.

Claimant appeals the decision of the Employment Appeals Board disqualifying her from receiving unemployment benefits for a period of eight weeks after termination of her employment on June 30, 1980. The Board found that she voluntarily left work without good cause. We reverse.

ORS 657.176 provides, in pertinent part, as follows:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2) If the authorized representative designated by the assistant director finds:

" * * * * *

"(c) The individual voluntarily left work without good cause, * * *

" * * * * *

"the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

Good cause for leaving employment is defined by OAR 471-30-038:

"(4) Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

Claimant was employed as a communications deputy for the Jackson County Sheriff's Office from 1976 through June 30, 1980. The authorized representative allowed her benefits on a finding that she voluntarily left work with good cause. The employer requested a hearing, and one was held before a referee on August 12, 1980. Claimant was the only witness.

The referee found:

"(1) Claimant had been employed by the above employer as a communications deputy at various periods from 1976 through June 30, 1980. Claimant was employed on the graveyard shift from April 1980 and was paid $1,260 per month. Claimant was a member of the National Union of Police Officers. (2) Claimant left June 30, 1980 because of depression. About October 1979 claimant began experiencing problems associated with the work. (3) Lack of lunch and break periods as well as the attitude of management were factors that contributed to the stress. (4) During May 1980 claimant began seeing a counselor. At a session during the first part of June 1980 claimant was suggested to take action to eliminate stress. (5) Claimant enrolled in a stress management class. (6) Claimant made the decision to leave during June of 1980 and gave notice to employer. Claimant was leaving on the advice of the counselor. (7) Claimant stayed until June 30, 1980 because of financial considerations."

From these findings the referee concluded that claimant voluntarily left work with good cause and affirmed the administrative decision that she not be disqualified from receiving unemployment benefits.

On review, the Board made substantially the same findings as the referee, but with some additions:

"(1) Claimant had been employed by the above employer as a communications deputy at various periods from 1976 through June 30, 1980. Claimant was employed on the graveyard shift from April 1980 and was paid $1,260 per month. She was a member of the National Union of Police Officers. (2) In approximately October of 1979, the claimant began experiencing problems which were associated with her work. (3) The problems manifested themselves in that the claimant, as a single parent, was not able to deal with her children and be as responsible to them as she felt was necessary. (4) She attempted to have various procedures at her employment changed, to no avail. (5) In February of 1979, the claimant determined that no action would be taken on her complaints concerning her work and gave serious thought to leaving work. (6) She did not leave at that time because of financial considerations. (7) The claimant began a counseling program in mid-May of 1980. (8) She determined that it would be necessary for her to look for other work. (9) In the first part of June, 1980, the claimant decided to leave work. She did so on June 30,

1980. (10) Prior to leaving employment with the above employer, the claimant did not seek other employment more to her satisfaction."

On these findings the Board concluded that claimant voluntarily left work without good cause and reversed the decision of the referee. In applying OAR 471-30-038, the Board reasoned:

" * * * [T]he most reasonable alternative available to claimant, and which was not pursued, would have been for her to remain employed while seeking other employment more to her satisfaction. As she did not pursue this alternative, good cause cannot be shown."

In *Swezey v. Employment Division,* 47 Or App 923, 615 P2d 1103 (1980), we held that OAR 471-30-038 was not dispositive of the issue whether a claimant for unemployment benefits must seek other employment before quitting to receive benefits. We remanded the matter because, when *Swezey* was decided by the Board, the Division was under the false impression that this issue had been decided by the Supreme Court in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). We stated in *Swezey:*

"We find nothing in *McPherson* to justify the Division's statement that, in that opinion, 'the Supreme Court indicated that the scope of "good cause" must focus on the specific job conditions which lead to the person leaving work.' To the contrary, we find that the Supreme Court's opinion in *McPherson* indicates that it is for the Division to make that value judgment, and not for the courts to make it.

"Accordingly, because it appears that the Division's policy in this case is predicated upon an incorrect version of what it is required to do under *McPherson,* it is necessary for us to remand this matter to the Employment Division for reconsideration in light of this corrected view of the holding in *McPherson. See Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979)." 47 Or App at 931.

OAR 471-30-038 does not include a requirement that a worker seek other employment before quitting in order for the worker to show good cause. The Division has not expressed agency policy by any modification of OAR 471-30-038 that would resolve the issue of whether alternative employment must be pursued before quitting one's

employment. Claimant cannot be deprived of benefits on an *ad hoc* basis; therefore, we reverse and remand for further consideration. *Oliver v. Employment Division, supra.*

Reversed and remanded for reconsideration.