Argued and submitted December 13, 1985, reversed and remanded for reconsideration
February 26, 1986

## GUERRA,
*Petitioner,*

*v.*

## REAL ESTATE DIVISION,
*Respondent.*

(A35860)

714 P2d 1087

Donald C. Walker, Portland, argued the cause and filed the brief for petitioner.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner appeals from an order of the Real Estate Commissioner permanently revoking his real estate salesperson's license. He contends that the record does not contain substantial evidence to support most of the Commissioner's conclusions and that the sanction imposed is excessive. We review pursuant to ORS 183.482 and reverse and remand for reconsideration.

Boyd, an Oregon veteran, "sold" his right to apply for an Oregon veteran's home loan to Jones for $400. Using Boyd's name, Jones then applied for a veteran's home loan to purchase a house in Portland. Petitioner received a telephone call from someone who represented that he was Boyd. The caller stated that he owned a house which he wanted to sell and that he wanted to rent it until it was sold. Without meeting the caller personally, petitioner prepared a listing agreement and a rental authorization. Later, someone either came by petitioner's office and signed the documents or signed and returned them to him by mail.[1] Petitioner then rented the house to Graham, who paid monthly rent to him for six months. Petitioner testified that, after deducting his commission and expenses, he forwarded the balance of the rent to Boyd, in care of General Delivery, Fairbanks, Alaska, as he had been instructed to do by the caller. Boyd testified that he had had no contact with petitioner at any time. Other than his own testimony, petitioner had no evidence of having sent any money to Boyd in Alaska.

The Commissioner found:

"I

"Steven P. Guerra was licensed by the State of Oregon as a real estate salesperson through Zuments-Guerra Investment Real Estate Firm. Janis I. Zuments was licensed by the State of Oregon as the designated real estate broker for Zuments-Guerra Investment Real Estate Firm.

"II

"On June 14, 1983 Steven Guerra obtained a real estate broker's employment contract for property described as Lot 4, Block 6, McGowan Addition in Portland, Oregon which was

---

[1] Petitioner's testimony about the transaction was vague, at best.

located at 5030 S.E. Bush in Portland. The form was purported to be signed by Lee Boyd who was the owner of the property. On the same occasion, Mr. Guerra obtained a statement authorizing him to rent the property during the period of the listing and, after collecting the rental, deduct his expenses and forward the remaining rental funds to Mr. Boyd at a general delivery address in Fairbanks, Alaska. This second statement also purported to be signed by Mr. Boyd. Lee B. Boyd, Jr. did not sign either the real estate broker's employment contract or the document authorizing rental and, in fact, had never seen either form until they were provided to him by the Real Estate Division. Further, Mr. Boyd has never met either Mr. Guerra or Mr. Zuments and was residing in Oklahoma at the time the documents were signed. Mr. Boyd has not lived in Alaska at any time.

"III

"As part of the rental activities on the Bush Street property, Mr. Guerra rented the property to Eilene Graham and received rent money from her in the cash sum of $325 per month for a period of approximately six months. No receipt was provided to Ms. Graham and the funds received by Mr. Guerra were not placed in the clients trust account of Zuments-Guerra Investment Real Estate Firm. Further, the funds were not forwarded to the owner of the real property, Lee B. Boyd, Jr. Those funds received by Mr. Guerra cannot be accounted for."

The Commissioner concluded:

"I

"Steven P. Guerra has violated the provisions of ORS 696.301(4) in that he failed, within a reasonable time, to remit monies received in the rental of the Bush Street property to Lee B. Boyd, Jr., the rightful owner.

"II

"Steven P. Guerra has violated the provisions of ORS 696.301(12) in that he failed to maintain at all times in his principal place of business a complete record of the property management activity carried on by him in the rental of the property at 5030 S.E. Bush.

"III

"Steven P. Guerra has violated the provisions of ORS 696.301(17) in that he offered real estate for sale and lease

without the knowledge and consent of the owner, Lee B. Boyd, Jr.

## "IV

"Steven P. Guerra has violated the provisions of ORS 696.301(24) in that he failed to place, as soon after receipt as practicable, into the custody of his real estate broker those monies received from the rental of the property at 5030 S.E. Bush.

## "V

"Steven P. Guerra has violated the provisions of ORS 696.301(31) by reason, either separately or cumulatively, of the following facts.

"a)    His listing and rental of the property at 5030 S.E. Bush without the knowledge and consent of the true owner, Lee B. Boyd, Jr., is conduct which constitutes and demonstrates incompetency, untrustworthiness and improper dealings;

"b)    Pursuant to the provisions of OAR 863-10-095, his failure and neglect to abide by the provisions of OAR 863-100-025 by promptly turning over those funds to his broker which he received in the rental of the property at 5030 S.E. Bush in Portland, Oregon [are] deemed improper dealings;

"c)    Pursuant to the provisions of OAR 863-10-095, his failure and neglect to abide by the provisions of OAR 863-10-042 in the conduct of property management is deemed improper dealings."

In a contested case, the Commissioner's final order must be accompanied by findings of fact and conclusions of law. The findings of fact must consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the Commissioner's order. ORS 183.470(2). The Commissioner's findings of fact are incomplete. There is no finding that petitioner knew, or should have known, that the documents were not signed by Boyd or that he was not, in fact, dealing with Boyd.[2] Further, petitioner testified that he sent money to Boyd in Alaska, as he had been instructed to do by

---

[2] The Commissioner does not contend that petitioner violated the statute or any rule by not meeting the caller personally or by not witnessing the signatures on the documents.

the caller. The Commissioner made no findings about whether petitioner had in fact sent any money to Alaska. Without those findings, the Commissioner's order does not support her conclusion that he violated ORS 696.301(4), (17) and (31).

There is substantial evidence in the record to support the Commissioner's findings that petitioner failed to maintain the records that he was required to maintain by ORS 696.301(12) and that he failed to place rental income in his broker's trust account. ORS 696.301(24). Indeed, he admits those violations. However, because the Commissioner's order is deficient, we remand for reconsideration.[3]

Reversed and remanded for reconsideration.

---

[3] Because we remand for reconsideration, we note that the Commissioner's findings under ORS 696.301(31) may permute single acts of misconduct into two or more by affixing different labels to the same acts. *See Pratt v. Real Estate Division,* 76 Or App 483, 709 P2d 1134 (1985).