Argued and submitted March 26, reversed and remanded for reconsideration August 20, 1986

HERTEL,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1150; CA A37224)

724 P2d 338

Kathryn S. Augustson, Portland, argued the cause for petitioner. With her on the brief was Reynolds & Johnston, Portland.

Thomas W. Sondag, Portland, argued the cause for respondent Viking Industries. With him on the brief were Richard C. Hunt, Portland, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

No appearance for respondent Employment Division.

Before Buttler, Presiding Judge, and Warren and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of an Employment Appeals Board (EAB) decision denying him unemployment compensation on the ground that he voluntarily left work without good cause. ORS 657.176(2)(c).[1] EAB concluded that he had not met his burden of showing that he had "no reasonable alternative but to leave work." OAR 471-30-038(4).[2] We reverse and remand for reconsideration.[3]

On April 4, 1985, claimant voluntarily quit work. The Employment Division, the referee and EAB denied claimant unemployment compensation on the ground that he had voluntarily left work without good cause. EAB made these findings of fact:

"(1) During his eleven years of work as a truck driver for this employer, claimant had been injured on three occasions. (2) As a result of these injuries, claimant was placed on a less physically demanding truck driving job. (3) This job, as did the other, required working overtime without much notice. (4) In June, 1984, claimant was awarded custody of his children who had previously resided with his ex-wife. (5) Providing care for the children was an inconvenience to the claimant when he was required to work overtime. (6) The light duty truck driving caused pain as the result of claimant's previous injuries. (7) Shortly before claimant left work he was offered lighter duty work which paid less than he was earning and still

---

[1] ORS 657.176(2) provides, in part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause."

[2] OAR 471-30-038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

[3] Our scope of review in unemployment compensation cases is provided in ORS 183.482(8)(c), which states in part:

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

Substantial evidence is "such proof as a reasonable mind would employ to support a conclusion." *Henzel et al v. Cameron et al*, 228 Or 452, 464, 365 P2d 498 (1961).

required overtime. (8) Claimant declined this position because of the overtime which would still be an inconvenience in caring for the children. (9) He left work April 5, 1985, because the only positions available with this employer required overtime which would not allow him to spend as much time with his children as he deemed necessary."

EAB concluded that claimant had voluntarily left work without good cause:

"It is contended by the claimant that it was absolutely necessary for him to spend more time with his children because of serious emotional problems suffered by the children as a result of the custody battle. However, all that he has shown is that the overtime required made it inconvenient to arrange child care. All that he offers in support of his contention is that a therapist '* * * recommends the importance of regular and routine child care and not to be 24 hours a day at a babysitter's type of care.' By his own testimony, claimant has shown that he provided regular and routine child care. It was not even hinted that it was ever necessary to have a babysitter look after the children 24 hours a day. To establish good cause for leaving an individual must show by a preponderance of the evidence that 'The reason must be of such gravity that the individual has *no reasonable alternative but to leave work.*' [OAR 471-30-038(4)]. The claimant has not met this burden." (Emphasis in the original.)

One member dissented.[4]

Claimant has two children, ages 10 and 4 at the time of the hearing. He was divorced in February, 1982. The dissolution decree provided for joint custody of the children. In June, 1984, claimant was awarded sole custody. The dissolution was hard fought, involving claims that his wife was abusing alcohol and other drugs. Claimant's uncontested testimony was that the litigation and surrounding circumstances had a serious emotional impact on the children. Their pediatrician reported that "each of [the] children has had

---

[4] The dissent states:

"I dissent and find good cause for leaving work has been established. Claimant's testimony, which is uncontroverted, was that it was necessary for the emotional stability of his children that he spend time with them on a regular basis. There has been no finding he was not credible in this regard. Claimant has amply demonstrated that he acted as a reasonable, prudent person in dealing with a situation of such gravity that he had no reasonable alternative but to leave work to provide emotional stability for his children. A disqualification is not appropriate."

unique issues regarding emotional adjustment which have required extra time and attention from [claimant]."

At the hearing, claimant contended that he could not reasonably continue working at his truck driving job. His uncontested testimony was that that job required him to work substantial overtime, a fact that prevented him from spending the amount of time that he believed was necessary with his children. Further, his physician recommended that he seek a more sedentary job due to the numerous injuries he had suffered at work. Claimant also contended that the other job offered to him by employer was not a reasonable alternative to quitting, because that job also would have required him to work substantial overtime. Further, it paid less than his driving job and had other reduced benefits and no pension or profit sharing.

Claimant contends that, due to the irregularity of his work schedule, he was unable personally to provide regular and responsive care for his children commensurate with their particular needs. That contention is based on the type of compelling personal reason that may constitute good cause for leaving work. *See Sothras v. Employment Division,* 48 Or App 69, 76, 616 P2d 524 (1980). EAB did not specifically address that contention. It had a duty to do that, ORS 183.470(2), and its failure renders its order incomplete and, therefore, insufficient. *Guerra v. Real Estate Division,* 78 Or App 122, 126-27, 714 P2d 1087 (1986); *Cascade Forest Products v. Accident Prev. Div.,* 60 Or App 255, 260, 653 P2d 574 (1982). Without specific findings responsive to claimant's contention, meaningful review is not possible in this case.

Reversed and remanded for reconsideration.[5]

---

[5] OAR 471-30-038 does not require a worker to seek other employment before quitting in order to show good cause. *Blivens v. Employment Division,* 55 Or App 665, 669, 639 P2d 690 (1980).