On petition for review submitted October 31, review denied December 30, 1986

HERTEL,
*Respondent on Review,*

*v.*

EMPLOYMENT DIVISION,
*Respondent,*
*and*

VIKING INDUSTRIES,
*Petitioner on Review.*

(EAB 85-AB-1150; CA A37224; SC S33266)

730 P2d 35

Richard C. Hunt, Thomas W. Sondag, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, for petitioner on review.

No appearance contra.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

MEMORANDUM OPINION

Peterson, C. J., dissented and filed an opinion, in which Jones, J., joined.

**PETERSON, C. J., dissenting.**

I would allow review.

The Court of Appeals remanded this case to the agency because it believed that the agency had failed to address claimant's contention that he had to leave work to care for his children. It stated:

"Claimant contends that, due to the irregularity of his work schedule, he was unable personally to provide regular and responsive care for his children commensurate with their particular needs. That contention is based on the type of compelling personal reason that may constitute good cause for leaving work. *See Sothras v. Employment Division,* 48 Or App 69, 76, 616 P2d 524 (1980). EAB did not specifically address that contention. It had a duty to do that, ORS 183.470(2), and its failure renders its order incomplete and, therefore, insufficient. *Guerra v. Real Estate Division,* 78 Or App 122, 126-27, 714 P2d 1087 (1986); *Cascade Forest Products v. Accident Prev. Div.,* 60 Or App 255, 260, 653 P2d 574 (1982). Without specific findings responsive to claimant's contention, meaningful review is not possible in this case." *Hertel v. Employment Division,* 80 Or App 784, 788, 724 P2d 338 (1986).

ORS 183.470(2) requires that agency orders set forth "a concise statement of the underlying facts supporting the findings as to each contested issue of fact * * *." The Employment Appeals Board (EAB) concluded (and again I quote from the opinion of the Court of Appeals, 80 Or App at 787):

" 'It is contended by the claimant that it was absolutely necessary for him to spend more time with his children because of serious emotional problems suffered by the children as a result of the custody battle. However, all that he has shown is that the overtime required made it inconvenient to arrange child care. All that he offers in support of his contention is that a therapist "* * * recommends the importance of regular and routine child care and not to be 24 hours a day at a babysitter's type of care." By his own testimony, claimant has shown that he provided regular and routine child care. It was not even hinted that it was ever necessary to have a babysitter look after the children 24 hours a day. To establish good cause for leaving an individual must show by a preponderance of the evidence that "The reason must be of such gravity that the individual has *no reasonable alternative but to leave work."* [OAR 471-30-038(4)]. The claimant has not met this burden.' " (Emphasis in the original.)

I am at a loss to know how, on remand, EAB can "more specifically address" claimant's contention. It appears to have considered and ruled upon that very contention.

The accepted rationale for administrative findings is that the "orderly functioning of the process of review requires that grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." *SEC v. Chenery Corp.,* 318 US 80, 94, 63 S Ct 454, 87 L Ed 626 (1943), *quoted in* 2 Davis, Administrative Law 435-36 (1958). In this case, EAB adequately facilitated judicial review by reviewing claimant's contention and concluding that claimant had not met his evidentiary burden. Appellate courts must limit remands to an agency for further findings consistent with the underlying rationale for findings. "Hypercritical exactions as to findings can provide a handy but almost invisible glideway enabling courts to pass 'from the narrow confines of law into the more spacious domain of policy.' " *SEC v. Chenery Corp, supra,* 318 US at 99 (Black, J., dissenting), *quoted in* 2 Davis, *supra* at 469-70. This is not the purpose for which judicial review is vested in the Court of Appeals under ORS 183.482.

I would allow review to consider whether the agency has complied with ORS 183.470(2).

Jones, J., joins in this dissenting opinion.