Kalvin B. GARTON,
*Petitioner,*

*v.*

REAL ESTATE COMMISSIONER,
*Respondent.*

(CA A73446)

873 P3d 359

Eric Yandell argued the cause for petitioner. With him on the brief was Heltzel, Upjohn, Williams, Yandell & Pearsall, P.C.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Petitioner seeks review of the Real Estate Commissioner's order that reprimanded him for "improper dealings," ORS 696.301(31), in failing to record certain information relating to a real estate transaction and in failing to return certain documents as required by statute and the commissioner's rules. The order was issued in a broker's license suspension proceeding. The commissioner did not suspend the broker's license, but instead issued a reprimand after finding that the more serious acts of misconduct alleged against petitioner were not proven. We affirm.

■ Petitioner first contends that the commissioner erred by not expressly finding that petitioner had *not* committed the acts of which she exonerated him. The commissioner stated in the order that the allegations in the agency's notice

"were based on the preparation of documentation and structuring of two transactions to circumvent Oregon Department of Veterans' Affairs (ODVA) regulations. *Based on the testimony of Mr. Schnepp, an ODVA representative, the documentation for a lease option agreement did not violate any ODVA regulations.* He further testified that there is no duty on the part of a real estate agent to notify the ODVA under OAR 274-20-380 or any other ODVA statute or rule." (Emphasis supplied.)

The order went on to note that petitioner had deviated from his past practices in handling similar transactions:

"There is no explanation as to why [petitioner] apparently deviated from this past practice in the two subject cases. However, based solely on the testimony of Mr. Schnepp, there is no basis for finding a violation under ORS 696.301(31)."

Petitioner asserts that the commissioner's findings "leave open the inference that some improper conduct had occurred, but had simply not been proved." He contends that the failure to "[find] petitioner innocent" violates the requirements for findings in ORS 183.470.

We do not agree that the commissioner was obligated to make the findings in the form that petitioner would like. Under ORS 183.450(2), the burden was on the state agency to prove the alleged violations. After reviewing the record, the

commissioner found that "there is no basis for finding a violation." That finding resolves all that ultimately had to be resolved on those issues. None of the authority cited by petitioner persuades us that the different findings that he desires were required.

■　　Petitioner also argues that the commissioner erred in concluding that his conduct involved "improper dealings." The commissioner concluded that petitioner engaged in "improper dealings" when he did not record the date and time of a seller's acceptance of an offer as required by OAR 863-10-020(3). Petitioner first asserts that the rule that he allegedly violated requires a finding that the written record of the date and time of the seller's response to the offer be maintained in the file created under ORS 696.280 and that the commissioner erred because she did not find that he failed to maintain these records *in the file*. However, the commissioner found that petitioner failed to comply with OAR 863-10-020(3) by making *no* written record of the date and time of the seller's response to the offer. That finding was sufficient to support the conclusion that the rule was violated.

■　　Petitioner also contends that the commissioner's conclusion that he violated ORS 696.301(31) was erroneous, because there was no underlying finding that petitioner "knowingly or in bad faith engaged in the conduct." ORS 696.301(31) includes among the grounds for disciplining a licensee

　　"[a]ny act or conduct * * * which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or *improper dealings*." (Emphasis supplied.)

OAR 863-10-095 provides that a real estate licensee

　　"who does not comply with any provision of [rules including one that petitioner was found to have violated] shall be deemed, *prima facie*, to be guilty of improper dealings under subsection (31) of ORS 696.301."

As can be seen, none of the applicable provisions requires a culpable mental state in order to establish a violation.

■　　Petitioner argues that ORS 696.301(31) allows sanctions "only for acts taken with a 'dishonest,' 'fraudulent' or otherwise 'improper' mental state" and that, to the extent

the rule provides otherwise, it is invalid. However, neither the word "otherwise" nor the words "mental state" appear in the statute. The commissioner takes the view that OAR 863-10-095 interprets the term "improper dealings" as a "broad term suggestive of any conduct that does not befit the profession, whether resulting from some bad motive, negligence or other innocent but incorrect act." She argues that that interpretation of the statute is within her authority under *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980). We agree.

■     Petitioner maintains that his reading of the statute that a finding of "improper dealings" depends on some showing of scienter finds support in *Guerra v. Real Estate Division*, 78 Or App 122, 714 P2d 1087 (1986), and *Blank v. Black*, 14 Or App 470, 512 P2d 1016 (1973), *rev den* (1974). We do not agree with his understanding of those cases. In interpreting the materially similar predecessor of ORS 696.301(31), we said in *Blank* that the statutory terms

> "include conduct in a real estate transaction which amounts to a breach of a moral obligation or duty owed to another, *as well as conduct which constitutes a breach of a legal duty and which is legally actionable*." 14 Or App at 479. (Emphasis supplied.)

The emphasized language clearly can include conduct that is taken without a wrongful motive.

■     Petitioner also contends that the commissioner applied OAR 863-10-095 wrongly — or that the rule itself is invalid if it permits the commissioner's reading of it — because it shifts the burden to petitioner to disprove a violation, in contravention of ORS 183.450(2). We do not agree that the rule shifts the burden; it simply defines what has to be established to make a *prima facie* showing that satisfies the agency's burden. Petitioner also asserts that the commissioner did not simply use the rule as a presumption or *prima facie* principle in this case, but treated it as dispositive and "did not analyze whether other evidence overcame the presumption." However, the only specific evidence or issue that petitioner argues that the commissioner failed to consider or address relates to whether he acted "knowingly or in bad faith." We have concluded that those matters are not necessary considerations in determining whether a licensee

has committed "improper dealings" within the meaning of ORS 696.301(31).

Petitioner also argues that the commissioner erred in concluding that he violated ORS 696.301(4), by retaining a buyer's note that was identified as negotiable in his records for approximately four months after it had been redeemed. The statute requires a licensee

"within a reasonable time, to account for or to remit any moneys or to surrender to the rightful owner any documents or other valuable property coming into the licensee's possession which belongs to others."

Petitioner disagrees with the commissioner's finding that the note was negotiable and with her conclusion that the licensee failed to surrender the note within a reasonable time. We find no error.

Affirmed.