Argued and submitted May 12, resubmitted June 8, order of the Court of Appeals vacated and case remanded to the Court of Appeals for further proceedings June 16, 1994

Representative Tom BRIAN,
*Petitioner on Review,*

*v.*

OREGON GOVERNMENT
ETHICS COMMISSION,
*Respondent on Review.*

(CA A78275; SC S40918)

874 P2d 1294

Marc D. Blackman, of Ransom, Blackman & Weil, Portland, argued the cause and filed the petition for petitioner on review.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

## GRABER, J.

In this case, we consider whether the Court of Appeals had jurisdiction of a party's petition for judicial review of an administrative agency's final order. The Court of Appeals determined that it lacked jurisdiction and dismissed the party's petition for judicial review. We hold that the party has standing to seek judicial review and that the Court of Appeals had jurisdiction. We therefore remand the case to that court.

Petitioner, a state representative, is a "legislative official"[1] and a "public official"[2] of the State of Oregon. The Oregon Government Standards and Practices Commission (Commission)[3] is the agency that is responsible for enforcing the provisions of ORS chapter 244, including the prohibition against the use of public office for private financial gain found in ORS 244.040(1)(a).[4] ORS 244.250 to 244.390.

After conducting an investigation involving the alleged use by petitioner of his public office for private gain, the Commission sent to petitioner on February 26, 1992, a Notice of Proposed Imposition of Civil Penalty and Requirement of Forfeiture of Financial Gain. *See* ORS 244.260(7)(c) (providing for Commission to institute a contested case proceeding after Investigatory Phase). As the basis for its proposed action, the Commission alleged:

"[Petitioner], a public official of the State of Oregon, used his office to obtain financial gain in the sum of $2,035,000 and in so doing violated the provisions of ORS 244.040(1), by signing and providing a letter (dated December 4, 1989) to

---

[1] ORS 244.020(12) defines "[l]egislative official" to mean, among other things, "any member * * * of the Legislative Assembly."

[2] ORS 244.020(15) provides:

" 'Public official' means any person who, when an alleged violation of this chapter occurs, is serving the State of Oregon or any of its political subdivisions or any other public body of the state as an officer, employee, agent or otherwise, and irrespective of whether the person is compensated for such services."

[3] The former name of that agency was the Oregon Government Ethics Commission.

[4] ORS 244.040(1)(a) provides in part:

"No public official shall use or attempt to use official position or office to obtain financial gain or avoidance of financial detriment that would not otherwise be available but for the public official's holding of the official position or office * * *."

officials of Seiyu International Corporation, which letter expressed the opinion of [petitioner] and others relative to the value of a parcel of real property in Washington County, State of Oregon."

In response to that notice, petitioner filed a timely request for a hearing and an answer denying the charges. He also filed various motions, on which the Commission ruled. Thereafter, the Commission conducted a contested case hearing before a designated hearings officer, pursuant to ORS 244.260(5).[5] After the hearing, the hearings officer submitted to the Commission his Findings of Fact, Conclusions of Law, and Proposed Order. The proposed order exonerated petitioner and recommended dismissal of the charges against him.[6] Both petitioner and the Commission's staff filed various objections. The Commission ruled on those objections and, on November 19, 1992, issued Findings of Fact, Conclusions of Law, and Final Order.

In its final order, the Commission adopted the hearings officer's findings, including his finding number 12 that "[t]he original of the signature on the copy of the letter of December 4, 1989, purporting to be a copy of his handwriting was not written by [petitioner]." The final order also included a section entitled "Opinion," which set forth the evidence in the record that would support an opposite finding and a different outcome. The "Opinion" section closed with the observation that, because the hearings officer made findings based in part on the demeanor of the witnesses, "we feel constrained to adopt his ultimate finding as well as the disposition of the case he recommends." Accordingly, the Commission concluded that petitioner "did not use his office to obtain a financial gain in violation of ORS 244.040(1)" and dismissed the proceeding against him.

---

[5] ORS 244.260(5) provides:

"Hearings related to any charge of alleged violation of this chapter may be held before the commission or before a hearings officer appointed by the commission. The procedure shall be that for a contested case under ORS 183.310 to 183.550."

[6] The focus of the hearing was whether the signature on the December 4, 1989, letter addressed to officials of Seiyu International Corporation was, in fact, petitioner's. The letter concerned a real estate transaction in which petitioner stood to gain a fee for his efforts, and the letter was on state stationery identifying petitioner as a state representative. The hearings officer found that petitioner did not sign the letter.

Within the 60 days allowed by ORS 183.482(1), petitioner filed a petition for judicial review in the Court of Appeals. He assigned as error two procedural aspects of the Commission's hearing and, in addition, argued that inclusion of the "Opinion" section of the final order was unlawful in that it was "inconsistent with the findings of fact and conclusions of law upon which the disposition is premised, and wholly gratuitous to the matter." The relief that petitioner sought from the Court of Appeals was a remand to the Commission with instructions to strike the "Opinion" section of the final order and to remove from the record of the proceedings certain documents filed by the Commission's staff.

The Commission moved to determine the jurisdiction of the Court of Appeals and to dismiss the petition for judicial review on the ground that petitioner was not "adversely affected or aggrieved" by the Commission's final order, within the meaning of ORS 183.480(1).[7] The Court of Appeals granted the motion, holding:

"The court determines that it lacks jurisdiction. The judicial review is dismissed."

Petitioner then sought this court's review of the Court of Appeals' order dismissing his petition for judicial review of the Commission's final order. We allowed review and now vacate the order of the Court of Appeals.

ORS 183.480(1) applies to the contested case proceeding at issue here, ORS 244.260(5), and provides in part that "[a]ny person adversely affected or aggrieved by an order *or any party to an agency proceeding* is entitled to judicial review of a final order." (Emphasis added.) Petitioner argues that, under the plain wording of ORS 183.480(1), a "party" need not be "adversely affected or aggrieved by an order" to be "entitled to judicial review." The Commission agrees that petitioner is a "party" to the proceeding.[8] It argues, however,

_____

[7] ORS 183.480(1) provides in part:

"Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form."

[8] ORS 183.310(5) defines "[p]arty" to mean, among others, a person entitled as of right to a hearing and a person whom the agency names as a party. Petitioner fits both of those definitions.

that even a party has no "standing to petition for judicial review when the action taken by the agency is favorable to the party and the party disagrees only with an aspect of the reasoning the agency articulated in its written decision."

To decide between those competing interpretations, we must construe ORS 183.480(1).

"To seek judicial review of government action, a party must have standing. Standing is not a matter of common law, *Benton County v. Friends of Benton County*, 294 Or 79, 82, 653 P2d 1249 (1982); it is conferred by the Legislative Assembly. Therefore, and aside from certain constitutional considerations not presented by this case, a reviewing court's inquiry into the standing of an entity seeking judicial review is confined to an interpretation of legislative intent." *People for Ethical Treatment v. Inst. Animal Care*, 312 Or 95, 99, 817 P2d 1299 (1991).

In interpreting a statute, the court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The best evidence of the legislature's intent is the text of the statute. *Id.* at 610-11. Also at the first level of analysis, the court considers the context of the statutory provision at issue, including other provisions of the same statute and other statutes relating to the same subject. *Ibid.* If the intent of the legislature is clear from the text and context of the statute, the court's inquiry is at an end. *Id.* at 611-12. Pertinent in the present case is the further principle that, when this court has construed a statute, that construction becomes part of the statute. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).

The text of the statute suggests that petitioner's reading is correct. ORS 183.480(1) is phrased in the disjunctive. This court emphasized the disjunctive wording of the text in *Marbet v. Portland Gen. Elect.*, 277 Or 447, 453, 561 P2d 154 (1977):

"[ORS 183.480(1)] provides two distinct bases of standing entitling one to judicial review of an agency decision. Any *party* to the agency proceeding, which includes any person in fact named or admitted as such by the agency, ORS 183.310(5), is entitled to judicial review by that fact alone, without further showing of interest. But one need not have participated in any way in the administrative process to

obtain judicial review. Any *person* is entitled to judicial review of an agency order if he is either 'adversely affected' or 'aggrieved' by that order." (Emphasis in original.)

The Commission argues that this court's later decision in *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 723 P2d 198 (1986), narrowed the holding in *Marbet v. Portland Gen. Elect., supra*, 277 Or at 453. The Commission relies on *Cooper* for the proposition that "petitions for review by *parties* seeking only modifications in written decisions, without seeking a change in the ultimate action taken, would not be entertained." (Emphasis added.) We disagree with that reading of *Cooper*, because part of the passage on which the Commission relies was *dictum*.

In *Cooper v. Eugene Sch. Dist. No. 4J, supra*, "[t]he case came before the Court of Appeals on judicial review of an order in a contested administrative proceeding to revoke a license." 301 Or at 361. A school district had suspended a teacher from teaching and had reported its action to the State Superintendent of Public Instruction, pursuant to ORS 342.655, because the teacher wore religious dress to work, in violation of ORS 342.650. After a hearing, the Superintendent revoked the teacher's teaching certificate. Her employer, the school district, filed a petition for judicial review of the revocation order in the Court of Appeals, naming the teacher as the respondent and seeking to have the order affirmed. *Id.* at 360.

This court questioned the school district's legal interest in the revocation proceeding:

"The teacher obviously has standing to challenge the state Superintendent's revocation of her teaching certificate, and a demand for a hearing before that official is a logical first step, despite doubts whether the law leaves anything for him to decide. But the school district's stake in the revocation of the teacher's certificate is far from obvious. The district need not request revocation and is not otherwise a necessary party to the revocation proceeding. Again, possible arguments for allowing the district to intervene in the revocation proceeding can be imagined, but none were made here. The record contains no motion to intervene or order allowing intervention. The district

simply appeared before the Superintendent's hearing officer[9] without stating any reasons for its appearance and was allowed to participate without objection." *Id.* at 362 (footnote omitted).

This court then wrote the passage on which the Commission relies:

"[T]he Court of Appeals should have dismissed the district's petition for judicial review.

"The [C]ourt [of Appeals] quoted ORS 183.480(1), which allows 'any party to an agency proceeding' to seek judicial review of a final order in a contested case, and it wrote that the statute 'does not require that the petitioning party attack the validity of the order.' 76 Or App at 148 n 2. That is an improbable reading of the judicial review provisions of the Administrative Procedure Act. It assumes that the legislature entitled a party that won everything it asked from the agency to seek judicial review solely in order to win once more in the Court of Appeals. The court's theory would entitle an agency, as a party to its own proceedings, to seek a judicial imprimatur for its acts when no one has challenged their legality and when the agency neither needs nor seeks a court's aid to enforce them. Such an innovation in judicial review would require a clear legislative directive, if indeed it would remain within the judicial power at all. We find no such clear directive.

"* * * [ORS 183.480(1)] reflects the normal assumption that a petitioner for judicial review finds some fault with the agency's order.

"ORS 183.482, prescribing judicial review of orders in contested cases, does not expressly require the petition for review to state the ground why the order should be reversed or remanded, but ORS 183.484(3) makes this clear with respect to agency orders outside contested cases. That a party wishes an agency to explain its order by different or further reasons, as the school district requested in this case, is not a demand for modification of the order.

"The school district requested the Court of Appeals to affirm the Superintendent's order revoking Cooper's teaching certificate. The district's only stated disappointment with the Superintendent's order is that his reasons for it did

---

[9] The district argued at the hearing that ORS 342.650 and 342.655 were constitutional. *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 367, 723 P2d 198 (1986).

not expressly declare ORS 342.650 and 342.655 to be constitutional, an issue that he held to be beyond his authority. He did, however, apply the law and revoke the certificate, and the school district's petition for judicial review asked the court to affirm that order without modification. For the reasons we have stated, the Court of Appeals should have dismissed that petition." *Id.* at 365-67.

To the extent that it suggests that a non-agency party must show any additional interest or adversity to have standing, *Cooper v. Eugene Sch. Dist. No. 4J, supra,* was *dictum* for two reasons. First, the school district in *Cooper* was not a party to the revocation proceeding. Neither had it received formal permission to intervene. Therefore, this court was not called on to decide what requirements apply for a *party* (other than the agency itself) to have standing under ORS 183.480(1). Second, the school district's standing (or lack thereof) was not material to the outcome of the case. Cooper, whose teaching certificate had been revoked and who plainly had standing, also petitioned for judicial review, 301 Or at 367, and this court decided the case on the merits, *id.* at 368-82.

The only relevant holding of this court with respect to the scope of a non-agency party's right to seek judicial review, therefore, is in *Marbet v. Portland Gen. Elect., supra,* 277 Or at 453: "Any *party* to the agency proceeding, which includes any person in fact named or admitted as such by the agency, ORS 183.310(5), is entitled to judicial review [under ORS 183.480(1)] by that fact alone, without further showing of interest." (Emphasis in original.) That holding is consistent with the text and context of ORS 183.480(1). Moreover, the legislature has not amended the pertinent part of ORS 183.480(1) since 1977, when this court decided *Marbet.* Because the text and context of the statute, as already construed by this court, make the legislative intent clear, our inquiry is completed. *See PGE v. Bureau of Labor and Industries, supra,* 317 Or at 610-12 (discussing method of interpreting statutes).

In summary, a party to an agency proceeding (other than the agency itself) has standing under ORS 183.480(1) to seek judicial review by that fact alone, without further showing of interest. The statute does not require that such a party

request a different ultimate outcome to be entitled to judicial review.

Finally, the Commission argues that petitioner does not seek judicial review of a "final order," because a "final order" includes only the action of the agency but excludes the agency's explanation for its action. Therefore, the Commission contends, petitioner cannot obtain review of the "Opinion" section of the Findings of Fact, Conclusions of Law, and Final Order in this case. That argument is not well taken.

ORS 183.310(5)(b) defines "final order" as

"final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A)   Precedes final agency action, or

"(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

ORS 183.470(2) requires that a final order "be accompanied by findings of fact and conclusions of law." Relying on ORS 183.470(2), this court has directed agencies to include reasoning in their final orders, to facilitate judicial review. *See, e.g., City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 272, 639 P2d 90 (1981) (citing ORS 183.470(2), court stated that "we look to the order to state the rational basis of the agency's inference. The explanation need not be complex, but it should be sufficient to demonstrate the existence of a rational basis and to allow for judicial review" (footnote omitted)). Under ORS 183.310(5)(b) and 183.470(2), the "final order" includes the written findings of fact, conclusions of law, reasoning, and result that comprise the "final agency action expressed in writing," however labeled.

We hold that petitioner has standing, as a "party" under ORS 183.480(1), to obtain judicial review of the Commission's Findings of Fact, Conclusions of Law, and Final Order in this case. All other statutory prerequisites also having been met, the Court of Appeals had jurisdiction of petitioner's petition for judicial review. The contrary decision of the Court of Appeals was erroneous. We express no view concerning the merits of the arguments in the petition for judicial review but, instead, remand the case to the Court of Appeals for further proceedings.

The order of the Court of Appeals is vacated. The case is remanded to the Court of Appeals for further proceedings.