Argued and submitted November 30, 1994, affirmed January 4, petition for review denied March 21, 1995 (320 Or 598)

Representative Tom BRIAN,
*Petitioner,*

*v.*

OREGON GOVERNMENT ETHICS COMMISSION,
*Respondent.*

(CA A78275)

888 P2d 129

Marc D. Blackman argued the cause for petitioner. With him on the brief was Ransom, Blackman & Weil.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

PER CURIAM

## PER CURIAM

On remand from the Supreme Court, 319 Or 151, 874 P2d 1294 (1994), we consider the merits of petitioner's arguments disputing the propriety of the respondent Commission's inclusion of the "Opinion" section in its Findings of Fact, Conclusions of Law, and Final Order in this case. We reject those arguments. *See Garton v. Real Estate Commissioner*, 127 Or App 340, 342-43, 873 P2d 359, *rev den* 320 Or 109 (1994).

The Commission's inclusion of the opinion section may have been gratuitous, and even imprudent. Nonetheless, we view that section as merely describing evidence before the hearings officer, not findings of fact in support of the Commission's ultimate conclusion. Its inclusion did not render the order internally inconsistent. *Goracke v. Benton County*, 68 Or App 83, 88, 683 P2d 106 (1984).

The Commission was not obliged to craft its order "in the form petitioner would like." *Garton v. Real Estate Commissioner, supra*, 127 Or App at 342. Its only obligation was to include findings of fact, consisting of "a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the * * * order," and conclusions of law. ORS 183.470(2). It did so.

Affirmed.