**Cheryl KOLANDER, Plaintiff,**

v.

**Gary WEEKS, Director of the Department of Human Resources, in his official capacity, Defendant.**

**Civil No. 95–1094–MA.**

United States District Court,
D. Oregon.

Jan. 26, 1996.

Karen A. Berkowitz, Multnomah County Legal Aid Service, Portland, Oregon, James F. Young, Oregon Legal Services Corporation, Coos Bay Regional Office, Coos Bay, Oregon, for Plaintiff.

Theodore R. Kulongoski, Attorney General, Katherine G. Georges, Assistant Attorney General, Department of Justice, Salem, Oregon, for Defendant.

## OPINION AND ORDER

MARSH, Judge.

Plaintiff filed this § 1983 action claiming that the State of Oregon Adult and Family Service's policy of denying certain deductions violates the Food Stamp Act, 7 U.S.C. § 2011 et seq., and applicable food stamp regulations. Defendant moves to dismiss, claiming that an administrative ruling regarding plaintiff's 1994 food stamp allotment and requested deductions has preclusive effect on her 1995 claims. For the reasons which follow, defendant's motion is granted.

## BACKGROUND

Plaintiff Cheryl Kolander is a self-employed silk dyer, working out of her home. In April 1994, plaintiff was recertified to receive food stamp benefits for she and her son. As part of the recertification process, she submitted information about her income to the Adult and Family Services Division (AFS). Plaintiff requested that AFS apply several deductions to her income (which would increase the amount of food stamps to which she was entitled). Plaintiff requested that AFS exclude 60% of her mortgage interest, insurance and property taxes; her utility expenses; interest for her business credit card; and self-employment taxes. Plaintiff was recertified for benefits for 1994, but was denied the deductions she requested. As a result, plaintiff received $165 per month in food stamps, rather than the $206 maximum amount. Plaintiff requested an administrative hearing to determine if AFS should have allowed any of her proposed deductions. Plaintiff contended that AFS erred in denying the deductions and that the state regulations on which the agency based its decision conflicted with the Food Stamp Act and applicable federal regulations.

The administrative hearing was held on March 10, 1995. The hearing officer determined that plaintiff was potentially entitled to a deduction for her credit card interest, and remanded that issue to AFS for a determination of whether the card was used for business purposes. The hearings officer determined that the state regulations regarding the deductions were in accord with the feder-

al regulations and with the federal act, and thus were valid. The hearings officer affirmed the agency determination that plaintiff was not entitled to the other deductions she requested.

The written decision of the hearings officer notified plaintiff that if she was "not satisfied with this final order," she could ask the agency to rehear or reconsider the hearings officer's determination, or she could file an appeal with the Oregon Court of Appeals. The notice also indicated, in boldface type:

**IF YOU DO NOT ASK FOR RECONSIDERATION OR REVIEW BY THE OREGON COURT OF APPEALS WITHIN THE PROPER TIME LIMITS, YOU WILL LOSE YOUR RIGHT TO APPEAL FROM THIS ORDER.**

Plaintiff did not appeal the final order of the agency.

When the issue of plaintiff's credit card deduction was reviewed by AFS on remand from the hearing officer's determination, AFS determined that the card was used for business purposes, and accordingly, plaintiff was entitled to a deduction from her income for the interest paid on the credit card. When this deduction was included, plaintiff qualified for and received the maximum amount of food stamps for her household size and income level, $206/month. Plaintiff did not appeal this determination.

At the April 1995 meeting to determine the credit card deduction, plaintiff was recertified for food stamps for 1995. Plaintiff again requested the same deductions which were the subject of the March 10 hearing. In accordance with the hearing officer's decision regarding plaintiff's 1994 food stamps, plaintiff's business credit card interest expense was allowed, and her other deductions were denied.

As a result of this determination, plaintiff did not receive the maximum food stamp allotment for her household size and income level for 1995.[1] In late April 1995, Plaintiff was notified of her right to request an administrative hearing regarding the 1995 determination; she failed to do so within the statutory time limit of 90 days.

## STANDARD

Dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. *Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1332 (9th Cir.1987), *cert. denied,* 503 U.S. 951, 112 S.Ct. 1514, 117 L.Ed.2d 650 (1992).

## DISCUSSION

The Food Stamp Act of 1964, as amended, provides low-income households with food stamp coupons to be used for the purchase of food from retail and wholesale stores. 7 U.S.C. § 2011. Under the Act, the Secretary of Agriculture implements and administers the federal food stamp program and promulgates regulations. 7 U.S.C. § 2013. A state's participation in the program is optional, but participating states must comply with federal requirements. *Withrow v. Concannon,* 942 F.2d 1385, 1386 (9th Cir.1991). In Oregon, the Adult and Family Services Division (AFS) administers the program.

Oregon and federal law provide that an applicant or recipient aggrieved by a state agency's action is entitled to a fair hearing. 7 U.S.C. § 2020(e)(10); OAR 461-25-310(1)(c). Upon receiving a request for a hearing, the state must provide, among other things, a hearing, testimony under oath, and a transcript or official report of the hearing. 7 C.F.R. § 273.15; OAR 461-21-315—461-21-370. Under both federal and state regulations, the hearings officer must be impartial and lack of personal stake or direct involvement in the case. *Id.* Oregon regulations also require a hearings officer

---

**1.** The record doesn't reflect why plaintiff didn't qualify for the maximum amount in 1995, while she did in 1994. Presumably, the maximum allotment was increased in 1995, and the credit card interest deduction was insufficient to increase her eligibility to the new maximum.

who was not directly involved in the initial determination of the action being contested, and was not the immediate supervisor of the eligibility workers who took the action. *Id.* In addition, the federal regulations require the state agency to take final action within sixty days from the date a hearing is requested, 7 C.F.R. § 273.15(c)(1), and if the hearing officer's decision affirms the agency action, the state must notify the party of her right to pursue judicial review of the decision. *Id.*

■ A party can request that the agency reconsider or rehear the final order. OAR 461–25–380. Additionally, a party has the right to judicial review of a final order. ORS 183.480. Under this statute, any person "adversely affected or aggrieved by an order or any party to any agency proceeding" is entitled to judicial review. *Id.* The right to judicial review is not dependent on a final order adverse to the party requesting review. A party to an agency proceeding has standing under ORS 183.480(1) to seek judicial review by that fact alone, without further showing of interest. *Brian v. Oregon Government Ethics Commission*, 319 Or. 151, 159–160, 874 P.2d 1294 (1994). "The statute does not require that such a party requests a different ultimate outcome to be entitled to judicial review." *Id.*

■ Federal courts must give the same preclusive effect to state court judgments as they would be given in the state in which they were rendered. 28 U.S.C. § 1738. *See also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985). Although Section 1738 does not apply to cases involving *unreviewed* decisions of a state administrative board or similar body, federal courts give preclusive effect to the findings of state administrative tribunals in subsequent actions brought under 42 U.S.C. § 1983 as a matter of federal common law. *University of Tennessee v. Elliott*, 478 U.S. 788, 794, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986). The federal common law rules of preclusion described in *Elliott* extend to

state administrative adjudication of legal as well as factual issues, even if unreviewed, if the state proceeding satisfies the requirements of fairness outlined in *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir.1994). *Utah Construction* requires that 1) the administrative agency act in a judicial capacity; 2) the agency resolve disputed issues of fact properly before it; 3) the parties have an adequate opportunity to litigate. 384 U.S. at 422, 86 S.Ct. at 1560.

■ Where opportunity for judicial review is available, a party's failure to seek that review will not prevent the application of preclusion. *Plaine v. McCabe*, 797 F.2d 713 (9th Cir.1986) (if adequate opportunity for review is available, losing party cannot obstruct preclusive use of state administrative decision by foregoing right to appeal); *Eilrich v. Remas*, 839 F.2d 630 (9th Cir.) *cert. denied* 488 U.S. 819, 109 S.Ct. 60, 102 L.Ed.2d 38 (1988) (plaintiff's failure to seek review by state courts after he was advised of the availability of such review did not prevent application of preclusion.)

■ In Oregon, a party is barred from relitigating the same issue in another proceeding if: 1) the issue in the two proceedings is identical; 2) the issue was actually litigated and was essential to a final determination on the merits in the prior proceeding; 3) the party to be precluded has had a full and fair opportunity to be heard on that issue; 4) the party to be precluded was a party or was in privity with a party in the prior proceeding; and 5) the prior proceeding was the type of proceeding to which this court will give "preclusive effect." *Nelson v. Emerald People's Utility District*, 318 Or. 99, 104, 862 P.2d 1293 (1993) (citations omitted).[2] The fifth factor is determined by examining whether the administrative forum maintained formal and comprehensive procedures; whether the proceedings were trustworthy; whether the application of issue preclusion

---

2. In Oregon, the doctrines of *res judicata* and collateral estoppel are analyzed under the terms "claim preclusion" and "issue preclusion."

*Drews v. EBI Companies*, 310 Or. 134, 139, 795 P.2d 531 (1990).

would facilitate prompt, orderly and fair problem resolution; and whether the same quality of proceedings and the opportunity to litigate is present in both proceedings. *Nelson*, 318 Or. at 104, n. 4, 862 P.2d 1293.

Defendant moves to dismiss plaintiff's complaint on the grounds that the hearing officer's decision on the deductions plaintiff requested on her 1994 benefits has preclusive effect on the issues in plaintiff's complaint, which challenge her 1995 food stamp certification. Plaintiff argues that neither the federal nor state requirements for preclusion are met by the circumstances of her case. As to the *Utah Construction* requirements, plaintiff argues that the hearings officer was not acting in a judicial capacity because he could not make independent determinations of law, and that she was denied an adequate opportunity to litigate because she could not appeal the hearing officer's decision. Plaintiff argues that Oregon requirements for preclusion were not met because she did not have a full and fair opportunity to be heard, and because the hearing officer's determination on the three denied deductions was not essential to a determination on the merits of her claim.

■ Plaintiff argues that the fairness requirements of *Utah Construction* are not met, and thus preclusion should not apply, because AFS policy prevents the hearings officer from making independent determinations of law. Plaintiff does not dispute that the hearings officer lacked a personal stake or involvement in her case, that he was not directly involved in the initial determination to deny her deductions, and that he was not the immediate supervisor of the AFS workers who denied her deductions. Plaintiff concedes that the hearings officer was unbiased. Additionally, the hearings officer did make independent determinations of law; he analyzed each of plaintiff's requested deductions, and compared the Oregon regulation which precluded the deductions to the appropriate federal regulation. The hearings officer determined that the Oregon regulations were in accord with the federal regulations, and that plaintiff was not entitled to the deductions she sought.

The hearings officer acted in a judicial capacity, holding a hearing where the parties were represented, called witnesses and cross-examined witnesses, testified under oath and a record was produced. The hearing officer was appropriately impartial under both federal and state law. The deductions and the application of certain regulations to plaintiff were properly before the agency. And the parties had an opportunity to fully brief and argue their positions with respect to each deduction plaintiff requested.

■ Plaintiff argues that she was denied the *Utah Construction* requirement of an adequate opportunity to litigate the hearing officer's determination with respect to her denied deductions because she "won" as a result of the allowed deduction. She correctly notes that an adequate opportunity to litigate includes the right to judicial review. However, Oregon law provides for judicial review of agency determinations regardless of the outcome of the determination; the fact that plaintiff prevailed did not foreclose her right to judicial review. In addition, the final order issued by the hearings officer expressly sets forth plaintiff's right to review, and the mechanisms to invoke such review. Accordingly, the fairness requirements of *Utah Construction* are met by the circumstances of this case.

Having determined that the federal requirements for fairness are met, I must determine whether an Oregon court would give the hearing officer's 1994 decision preclusive effect on her 1995 claims. Plaintiff concedes that the issues in the two proceedings are identical, and that she was a party to the prior proceeding. Thus, the inquiry focuses on the whether plaintiff had a full and fair opportunity to be heard, and whether the hearing officer's determination on the three denied deductions was essential to a final determination on the merits in the 1994 decision.

Plaintiff argues that because she did not appeal the hearing officer's determination, she has not had a full and fair opportunity to be heard on those three deductions. Plaintiff urges that the opportunity to litigate with respect to the three denied deductions is not the same in the first proceeding as in the

second proceeding, because she had no reason to appeal and thus did not brief those three issues beyond the contested case stage. Finally, plaintiff argues that the three denied deductions were not essential to the hearing officer's determination because she qualified for the maximum allotment based on the one deduction which was allowed.

■■■■ As discussed above, a party's failure to pursue an appeal does not mean the party has been denied a full and fair opportunity to litigate; nor does it prevent the application of preclusion. Further, under Oregon law, providing a contested case hearing and formal adjudication proceedings meets the threshold for a full and fair opportunity to litigate a question. *See Washington County Police Officers v. Washington County,* 321 Or. 430, 437, 900 P.2d 483 (1995) (memorandum of legal points and authorities considered and dealt with on the merits constitutes a full and fair opportunity to present argument under Oregon law). Accordingly, plaintiff had a full and fair opportunity to be heard on all of her requested deductions through the 1994 contested case hearing, and has also had adequate opportunity to litigate those questions. Thus, the only relevant inquiry is whether the hearing officer's determination on the three denied deductions was essential to a determination on the merits.

■■■ Plaintiff urges that because she received the maximum allotment in 1994, the hearing officer's determination on the three denied deductions were not essential to a determination on the merits of her claim. However, the fact that plaintiff ultimately "won" by receiving the maximum allotment is not dispositive. Plaintiff did not argue at the administrative hearing that she should receive the deductions in the alternative; she claimed each and every deduction. The hearing officer made express, detailed findings on each requested deduction, the state regulation applicable to the requested deduction, and a determination of whether the state regulation was in accord with the federal regulation. The hearing officer determined that the state regulations did not provide for the three deductions denied by the agency, and that the state rules did not violate, and were consistent with, the federal regulations and the Food Stamp Act.

Furthermore, the hearing officer did not calculate plaintiff's eligibility; he merely determined whether plaintiff was entitled to the deductions she requested. Thus, the hearings officer was required to make a determination on each deduction requested by plaintiff, and on the validity of each state regulation. As a result, the hearing officer's determination that the state regulations were in accord with the federal regulations was essential to his determination on the merits of plaintiff's requested deductions. *See Chavez v. Boise Cascade Corp.,* 307 Or. 632, 772 P.2d 409 (1989) (express findings and conclusions after a full hearing involving essential and disputed issue entitled to preclusive effect).

■■■■ Finally, plaintiff argues that because she "won" as a result of the hearing officers determination on the credit card deduction, she lacked the incentive to appeal the hearing officer's determination with respect to the remaining three deductions. Oregon courts do recognize that different motivation can prevent the application of preclusion. In *Chavez, supra,* the court noted that the incentive to contest the point at issue on the record must be the same for preclusion to apply. However, the uncontested facts here show that hearing officer's determination regarding plaintiff's 1994 benefits was made on March 10, 1995, and plaintiff's recertification for 1995 occurred in April 1995. Plaintiff learned within days of the determination that although she "won" with respect to her 1994 benefits, her 1995 benefits were affected by the hearing officer's determination; her motivation to appeal the determination was plainly established by the agency's denial of the 1995 deductions, which occurred shortly after the hearing in March. The undisputed facts here show that plaintiff had an immediate incentive to appeal the determination, and chose not to do so. Plaintiff's decision not to appeal the determination does not, however, avoid the application of preclusion.[3]

---

**3.** I note, too, that plaintiff has had two opportunities for judicial review of the deductions: she could have requested review of the hearing officer's determination of her 1994 eligibility, and

CONCLUSION

Based on the foregoing, the federal requirements for preclusion as established in *Utah Construction* are met by the procedures employed in plaintiff's 1994 contested case hearing. The issues raised in her 1995 complaint are identical to those raised in the 1994 proceeding; those issues were actually litigated and were essential to the hearing officer's determination on the merits of plaintiff's claims; plaintiff had a full and fair opportunity to be heard on the deductions she requested; she was a party to the prior proceeding and the agency proceeding was the type of proceeding entitled to preclusive effect. Because the Oregon requirements for preclusion are met, an Oregon court would give preclusive effect to the state agency's determination. Accordingly, this court must also do so. Defendant's motion to dismiss (# 11) is GRANTED.

IT IS SO ORDERED.

she could have requested a contested case and judicial review regarding the subsequent denial of the deductions in 1995.